**Kenneth R. JONES et al., Plaintiffs-Appellants,**

v.

**The STATE BOARD OF EDUCATION OF AND FOR the STATE OF TENNESSEE et al., Defendants-Appellees.**

**No. 18482.**

United States Court of Appeals
Sixth Circuit.

Feb. 19, 1969.

Richard F. Bellman, New York City (I. T. Creswell, Jr., Nashville, Tenn., Reber Boult, Jr., Atlanta, Ga., Robert L. Carter, Richard F. Bellman, New York City, on the brief), for appellants.

Thomas E. Fox, Nashville, Tenn. (Thomas E. Fox, Deputy Atty. Gen., Robert H. Roberts, Asst. Atty. Gen. of Tennessee, Nashville, Tenn., on the brief; George F. McCanless, Atty. Gen. and Reporter of Tennessee, of counsel), for appellees.

John R. Kramer, Washington, D. C., amicus curiae for National Student Assn.

Before O'SULLIVAN and COMBS, Circuit Judges, and KENT, District Judge.*

COMBS, Circuit Judge.

Plaintiffs brought this action for themselves and others similarly situated against Tennessee A & I State University, its Faculty Advisory Committee, and various other officials. The complaint sought to enjoin defendants from refusing to reinstate plaintiffs at defendant university, and from suspending, expelling, or otherwise disciplining plaintiffs either for the lawful exercise of federally protected rights or without affording them due process and equal protection of the law.

On June 8, 1967, approximately seventy students, including plaintiffs Jones, Booth, and Brooks, received telegrams informing them they had not been cleared to enter the university for summer study. Subsequently, each of them received a letter stating that the Faculty Advisory Committee had voted to deny the student the privilege of continuing his education at the university for an indefinite period for the reasons stated in the letter. The letters also notified the students that each would be provided an opportunity to appear before the committee to show cause why the action should not be taken; also that the committee would consider its decision final as to those students who failed to request an appearance.

Twenty-eight students notified the committee that they desired a hearing; for various reasons, the committee agreed not to suspend twenty-two of them. The remaining six included the three plaintiffs, one student who was readmitted after a formal hearing, and one whose case became moot when he decided not to re-enter the university; the record does not indicate the disposition of the sixth student's case.

In September, 1967, two days before the hearings were to begin, plaintiffs were furnished with a more definite specification of charges. The September statement included several charges not contained in the June letter, some of which involved plaintiffs' activities occurring after the June notices. At the scheduled time, plaintiffs appeared with counsel before the committee, and a lengthy hearing was held.

Following the hearings, and after consideration of numerous charges and alleged incidents of misconduct, the committee upheld its initial ruling denying reinstatement to plaintiffs Jones, Booth, and Brooks. The committee made various findings in regard to each plaintiff, including the following:

Jones—The committee found that Jones "seized upon the opportunity on different occasions to promote unrest on the campus by such actions as distributing literature designed for that purpose," for example, by distributing a leaflet urging a boycott of fall registration; that Jones did not tell the truth at this hearing in regard to certain of his activities; and that Jones' actions constituted "violations of the University's regulations governing student conduct and behavior."

Booth—The committee found that Booth was arrested by city police while off campus at which time he was found in bed with a young woman, and that because of the resulting publicity "he has tainted the reputation of this Institution and its students;" that Booth "passed out literature and talked and dressed himself in such

manner, particularly in and about the library, all calculated to cause unrest and disturb other students;" and that Booth "disrupted a meeting of the student body and showed gross disrespect for officials of the University."

Brooks—The committee found that Brooks "has on at least two occasions treated the President of this Institution with gross disrespect;" that Brooks was the leader of a small group that invaded a student-faculty grievance meeting which "resulted in disrupting an otherwise orderly meeting to a point it could not be continued, showing gross disrespect both to students and officials of the University." (The tenor of Brooks' attitude on this occasion is exemplified by the following statement he is quoted as having made: "Man we didn't come here to listen to your lies and empty promises. We came here to eliminate you and tear this joint down.")

Plaintiffs contend here, as they did in district court, that the procedures followed by the school authorities deprived them of due process of law and that the conduct for which they were suspended was protected activity under the First Amendment. The district court, in rejecting these contentions, held that the university properly exercised its power to regulate student conduct and did not deprive plaintiffs of any constitutionally protected rights.

We take special note of plaintiffs' argument that they were expelled for activities which are protected by the First Amendment. This argument is clearly refuted by the record which is replete with substantial evidence to support plaintiffs' expulsion for conduct other than the type of activity which is entitled to constitutional protection.

The district judge filed a carefully written and comprehensive opinion, which is reported at 279 F.Supp. 190. For the reasons expressed in that opinion the judgment is affirmed.