422 F.2d 1000
 Harlan Clark BROWN, Robert Lewis Martin, Blaine James
Hudson, and Renelda Ann Meeks, Plaintiffs-Appellants,
v.
Woodrow M. STRICKLER, President, University of Louisville,
David Lawrence, Dean of Students, University of Louisville,
Adele Brandeis, Dr. Oscar O. Miller, Archibald P. Cochran,
Baylor Landrum, Jr., Marlow Cook, Edwin G. Middleton, Samuel
H. Klein, John E. Tarrant, Woodford R. Porter, and Eli H.
Brown, III, Trustees constituting the Board of Trustees,
University of Louisville, Defendants-Appellees.
 No. 19596.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1970.
 
 John G. O'Mara, Legal Aid Society of Louisville, Louisville, Ky., for plaintiffs-appellants; Dennis E. Bricking, Martin R. Glenn, Legal Aid Society of Louisville, Louisville, Ky., on the brief.
 John S. Greenebaum, Louisville, Ky., for defendants-appellees; Greenebaum, Barnett, Doll & Matthews, Louisville, Ky., on the brief.
 Before PHILLIPS, Chief Judge, and CELEBREZZE and McCREE, Circuit judges.
 McCREE, Circuit Judge.
 
 
 1
 Plaintiffs, students at the University of Louisville, commenced an action in the District Court on May 19, 1969, seeking, inter alia, to enjoin defendants, officers and trustees of the University, from excluding them from classes pursuant to an order of the Student Conduct and Appeals Committee permanently dismissing plaintiffs from the University. The complaint filed by plaintiffs invoked the court's jurisdiction under 28 U.S.C. 1343(3) and 1343(4) and contained allegations that the 'University of Louisville is a municipal institution of higher learning supported in large part by public funds'; that the procedures employed by the defendants to effect plaintiffs' dismissal from the University violated the Due Process Clause of the Constitution of the United States; and that the relief sought was authorized by 42 U.S.C. 1983.[1]
 
 
 2
 On May 20, 1969, the District Judge, sua sponte and without notifying plaintiffs or affording them an opportunity to be heard, dismissed the suit because he concluded the court lacked jurisdiction over the subject matter and also because he decided the allegations in the complaint were not sufficient to state a cause of action under the Civil Rights Act. Plaintiffs appeal from the order of dismissal.
 
 
 3
 Initially, we observe that the District Judge's determinations that the court lacked jurisdiction and that the complaint failed to state a cause of action are incompatible.
 
 
 4
 The reason for this is that the court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief * * *. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and * * * it must be decided after and not before the court has assumed jurisdiction over the controversy. Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).
 
 
 5
 The District Judge decided the court lacked jurisdiction over the subject matter of the complaint because plaintiffs failed adequately to allege that the defendants acted under color of state law, a jurisdictional prerequisite under the Civil Rights Act, and because 'the operation of the University of Louisville cannot be characterized as a 'public function' for purposes of Title 42 U.S.C. 1983.'
 
 
 6
 The University of Louisville is a municipal university[2] and it receives substantial financial support from the City of Louisville, the Commonwealth of Kentucky, and the United States Government. 'An institution such as this, serving an important public function and financed by public funds, is sufficiently linked with the state for its acts to be subject to the limitations of the Fourteenth Amendment.' Meredith v. Allen County War Memorial Hospital Comm., 397 F.2d 33, 35 (6th Cir. 1968), and cases cited therein. Moreover, because the officers and trustees of the University 'administer a public facility, their actions must be regarded as having been taken under color of law. Hence, the provisions of 1983 * * * are applicable to them.' Id. See also Memorandum on Judicial Standards of Procedure and Substance in Review of Student Discipline in Tax Supported Institutions of Higher Education, 45 F.R.D. 134, 145 (W.D.Mo.1968) (sitting en banc).
 
 
 7
 We also hold that the allegations in the plaintiffs' complaint are sufficient to have informed the District Court of these facts and to have invoked the court's jurisdiction. It was not necessary to state with particularity the statute, ordinance, or regulation pursuant to which the defendants acted in dismissing plaintiffs from the University. The important fact, for the purpose of determining jurisdiction, is whether the complaint indicated that the conduct of the defendants constituted 'state action' within the meaning of the Civil Rights Act. Cf. Esteban v. Central Missouri State College, 290 F.Supp. 622, 628 (W.D.Mo.1968).
 
 
 8
 Since we have decided that plaintiffs properly invoked the jurisdiction of the District Court, it is appropriate, in light of the District Judge's holding to the contrary, also to decide whether the complaint states a claim upon which relief can be granted under the Civil Rights Act. We hold that it does. Defendants were required to accord plaintiffs procedural due process throughout the disciplinary proceedings which resulted in their dismissal from the University. Jones v. State Bd. of Educ. of Tenn., 279 F.Supp. 190 (M.D.Tenn.1968), aff'd., 407 F.2d 834 (6th Cir. 1969), cert. granted, 396 U.S. 817, 90 S.Ct. 145, 24 L.Ed.2d 69 (1969), petition for cert. dismissed, 397 U.S. 31, 90 S.Ct. 779, 25 L.Ed.2d 27 (1970); Dixon v. Alabama State Bd. of Educ., 294 F.2d 150 (5th Cir. 1961); Esteban v. Central Missouri State College, supra. The allegations in the complaint, which must be accepted as true for the purpose of determining the complaint's sufficiency, L'Orange v. Medical Protective Co., 394 F.2d 57, 59 (6th Cir. 1968), charge the defendants with conduct which would constitute a denial of due process. Accordingly, the complaint, although not artfully drafted, is adequate to survive a challenge based on a failure to state a claim upon which relief can be granted.
 
 
 9
 Our decision that the court has jurisdiction over the subject matter of this suit makes it unnecessary to determine whether it was an abuse of discretion to dismiss plaintiffs' suit sua sponte and without affording them an opportunity to be heard. However, we think it is appropriate to observe that dismissals of suits under the Civil Rights Act without notice to the plaintiffs and without providing at least some opportunity to argue in opposition thereto are not favored. Dodd v. Spokane County, 393 F.2d 330 (9th Cir. 1968); Urbano v. Calissi, 353 F.2d 196 (3rd Cir. 1965); Harmon v. Superior Court, 307 F.2d 796 (9th Cir. 1962). Summary dispositions should be limited to those instances where the absence of jurisdiction is clear 'on the face of the complaint and is obviously not curable.' Harmon v. Superior Court, supra at 797.
 
 
 10
 The order dismissing plaintiffs' suit is reversed and the cause is remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 1983. Civil action for deprivation of rights
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
 
 
 [2]
 See K.R.S. 165.010 et seq