Phyllis B. HETRICK, Plaintiff,

v.

Robert B. MARTIN, President of Eastern Kentucky University, and the Board of Regents of Eastern Kentucky University, Defendants.

No. 2175.

United States District Court, E. D. Kentucky, Lexington Division.

Feb. 23, 1971.

Robert Allen Sedler, Lexington, Ky., for plaintiff.

John B. Breckinridge, Atty. Gen. by Howard E. Trent, Jr., Deputy Atty. Gen., Frankfort, Ky., for Robert B. Martin.

John W. Palmore, George T. Ross, Richmond, Ky., for Board of Regents.

MEMORANDUM

SWINFORD, District Judge.

This proceeding is before the court on a motion by the defendants to dismiss for failure to state a claim upon which relief may be granted.

Plaintiff, Mrs. Phyllis B. Hetrick, has instituted this action under section 1983 of Title 42, United States Code. On September 1, 1969, Mrs. Hetrick was given a one year contract to fill a permanent vacancy in the Faculty at Eastern Kentucky University. It was anticipated that the contract would be re-

newed until Mrs. Hetrick acquired tenure. In October, 1969, during the "Vietnam Moratorium" she had occasion to discuss the Vietnam War and military draft in one of her classes. Subsequently, it is alleged, she was accused of having engaged in draft counseling and on February 27, 1970, she was informed that her contract would not be renewed. She requested that she be given a hearing and written reasons for the non-renewal of her contract, but, it is asserted, no hearing was granted and no reasons were given, except that she was "unsociable" and that her class assignments were "inconclusive".

It is the plaintiff's contention that the decision not to renew her contract was arbitrary and capricious without regard to her professional qualifications in violation of the First and Fourteenth Amendments to the Constitution of the United States. Mrs. Hetrick claims that Eastern Kentucky University, acting through and by its Board of Regents, and Robert Martin, President of Eastern Kentucky University, have acted in such a manner as to deny and deter the free exercise of her First Amendment rights.

Included in the defendants' motion to dismiss is the contention that the complaint fails to make sufficient jurisdictional allegations. It is the judgment of this court that its jurisdiction has been properly invoked and that the action is properly filed under section 1343(3) (4) of Title 28 and section 1983 of Title 42, United States Code. See Brown v. Strickler, 422 F.2d 1000 (6 Cir. 1970). It is clear from the complaint, although not expressly stated, that the plaintiff asserts that those rights, privileges and immunities secured to her by the Constitution have been deprived her by certain officials and agents of the State supposably acting under authority or color of State law.

The sole function of the court at this stage of the proceedings is to determine whether the complaint, assuming its allegations to be true, states a cause of action. The strength or merit of the plaintiff's claim is not something the court may consider at this juncture, as the determination of whether the plaintiff can prevail may only be decided on the basis of proof, and not the pleadings.

The defendants' motion to dismiss is grounded upon the theory that the plaintiff, in accepting the one year contract, had only an expectancy to have her contract renewed. It is argued that an expectancy will not support a claim for relief; that Eastern Kentucky University, by and through its officers, had a right to refuse to renew the plaintiff's contract. Moreover, it is claimed the decision not to renew Mrs. Hetrick's contract did not, nor does not deprive her of her constitutional rights.

It is apparent from an examination of recent analogous federal cases that there is some difficulty in ascertaining under what set of circumstances a non-tenured State teacher or professor may initiate a constitutional attack against his dismissal. Jones v. Hopper, 410 F.2d 1323 (10 Cir. 1969); Johnson v. Branch, 364 F.2d 177 (4 Cir. 1966); McLaughlin v. Tilendis, 398 F.2d 287 (7 Cir. 1968); and Roth v. Board of Regents of State Colleges, 310 F.Supp. 972 (D.C.1970). It may be fairly stated that an employee of a State does not have a constitutional right to have his contract renewed, however, a State, by and through its officials, may not elect to discontinue a contract of employment solely because the employee has exercised his constitutional rights and privileges in a manner which is displeasing to certain of his superiors. This is somewhat of a paradoxical statement for it boils down to the proposition that a person does not have a constitutional right to public employment, but does have a constitutional right not to be dismissed (for certain reasons) from public employment. The United States Court of Appeals for the Fifth Circuit in the case of Pred v. Board of Public Instruction of Dade County, Fla., 415 F.2d 851 (1969) was confronted with the argument that a holder of an unrenewed contract for public employment may avenge

his loss only through contractual remedies (which in the case of non-tenured teachers may not exist), as there is no constitutional right to public employment. The court concluded that the argument was specious as it was an effort to dilute a constitutional right to a contractual one:

"Equally unpersuasive is the related argument that since there is no constitutional right to public employment, school officials only allowed these teachers' contracts to expire, and thus they cannot be liable for a violation of any rights protected by § 1983. But in the posture of this case this misconceives the whole thrust of their claim. The right sought to be vindicated is not a contractual one, nor could it be since no right to reemployment existed. What is at stake is the vindication of constitutional rights—the right not to be punished by the State or to suffer retaliation at its hand because a public employee persists in the exercise of First Amendment rights." 415 F.2d at 856.

In Ferguson v. Thomas, 430 F.2d 852 (1970), the Court of Appeals for the Fifth Circuit cited its opinion in Pred and stated:

"While he (State college instructor) has no right to continued public employment, such a teacher may neither be dismissed or not be rehired for constitutionally impermissible reasons such as race, religion, or the assertion of rights guaranteed by law or the Constitution. This rationale would even apply to a teacher without tenure or an expectancy of reemployment."

In the instant case the court does not take issue with the assertion that Mrs. Hetrick did not nor does not have a contractual right to be rehired. However, Mrs. Hetrick does have the right to exercise certain freedoms of speech which cannot be discouraged by the State. The defendants' motion to dismiss must be overruled. The principal questions raised by the pleadings are whether Mrs. Hetrick's activities came within the area of speech protected by the First Amendment and whether her dismissal was predicated on her engagement in those activities.

An order denying the defendants' motion to dismiss will this day be entered.