**CONSEJO GENERAL DE ESTUDIANTES DE LA UNIVERSIDAD DE PUERTO RICO et al., Plaintiffs,**

v.

**UNIVERSITY OF PUERTO RICO, Council of Superior Education of the University of Puerto Rico, et al., Defendants.**

**Civ. No. 21–71.**

United States District Court,
D. Puerto Rico,
San Juan Division.
March 18, 1971.

**454**

Luis F. Abreu Elías, Río Piedras, P. R., for plaintiffs.

Alberto Picó, San Juan, P. R., for defendants.

## ORDER

TOLEDO, District Judge.

This case is before us on a Motion to Dismiss filed by defendants. The complaint is for an injunction and a declaratory judgment. We are asked to rule that the General Student Regulations of the University of Puerto Rico are unconstitutional and, therefore, to order the University to readmit those plaintiffs— six of them—who have been temporarily suspended pending investigation, or who have been denied enrollment—plaintiff Gaztambide—, and to drop charges against other plaintiffs who have merely been charged, without suspension, of violations to the Regulations. The acts for which plaintiffs have been charged were allegedly committed at different dates and places within the University Campus. The complaint and exhibits attached thereto show that ten plaintiffs were charged with taking part in an attack against the ROTC building and wilful destruction of property therein on March 4, 1970 [1]; two others are accused of displaying a sign containing defamatory statements against the President of the University in the midst of commencement exercises held on June 14, 1970 [2]; three plaintiffs were charged with forcibly entering and taking possession of the Dean's office in the School of Social Sciences on October 15, 1970 [3]; two of the plaintiffs are charged with participating in a mass meeting with loudspeakers in the lobby of the Faculty of Education in spite of warnings by the Dean of the Faculty that they were violating University Regulations [4]. Finally, another plaintiff was charged with interrupting the commencement exercises on June 14, 1970 with unauthorized speeches, tearing the diploma apart and throwing it to the floor.[5]

Plaintiffs claim that the University Regulations under which they were charged are unconstitutionally vague and overbroad; that the charges and summary suspensions have a "chilling effect" on their constitutional rights of free speech and assembly; and assert that their activities are protected by the First Amendment to the Constitution. In their memorandum [6], plaintiffs state that the "non violent symbolic occupation of a dean's office" and their other actions at the University are in line with "the American tradition of democratic and legal confrontation"; that their various activities were "in order to dramatize to the University their views and positions concerning problems affecting their society" and are fully justified in the light of the "balancing tests" employed by the Supreme Court and the experience of the American Revolution.

1. A list of nine plaintiffs so charged is attached to Exhibits 10(a) and (b); and another plaintiff—Rafael Anglada López —was similarly charged (Exhibit 3). Plaintiff Anglada López is also charged with assaulting someone with a metal buckle on October 22, 1970 and causing him a head wound (Exhibit 3).

2. Judith Morales González and Rita Molinelli Freytes (Exhibits 6 and 7).

3. Rubén Soto Falcón, Angel López Montes and Flavia Rivera Montero (Exhibits 5, 8 and 9). Plaintiff Soto Falcón is also charged with participation in illegal marches and demonstrations on September 22 and October 15 (Exhibits 5). Plaintiff Rivera Montero has two additional unspecified charges, a 90 days summary suspension, has received warning and been placed on probation on other occasions (Exhibit 9).

4. Doris Pizarro Claudio and Pablo Navarro Rivera (Exhibits 2 and 4). Plaintiff Pizarro Claudio was also charged with participating in an illegal march on Campus on September 22, 1970 (Exhibit 2).

5. Antonio Gaztambide Géigel (Exhibit 11).

6. Memorandum of Law of Plaintiffs, pages 14–21.

A complete study of the General Students Regulations of the University of Puerto Rico has been made. This study convinces the Court that the General Student Regulations of the University of Puerto Rico are far from unconstitutional "on their face"; on the contrary, they are a valid exercise of the power of state educational institutions to provide rules of student conduct and disciplinary sanctions for infractions thereof.

"To fulfill its function of imparting knowledge, a university must of course maintain order on its campus and exclude therefrom those who are detrimental to its well being. A university has inherent general power to maintain order and to formulate and enforce reasonable rules of student conduct. Goldberg v. Regents of University of California [248 Cal.App.2d 867], 57 Cal.Rptr. 463 (Cal.App. 1st Dist.1967). University regulations for student because of the very nature of the institution and its goals and purposes, should not be tested by the same requirements of specificity as are state statutes." Jones v. State Board of Education, 279 F.Supp. 190 (MD Tenn.1968), aff'd 407 F.2d 834 (CA 6, 1969), cert. dismissed, 397 U.S. 31, 90 S.Ct. 779, 25 L.Ed.2d 27 (1970).

The contention of plaintiffs herein that the Regulations of the University of Puerto Rico are invalid for "vagueness" and "overbreadth" and for their "chilling effect", has been advanced and rejected in a host of cases dealing with state universities. Jones v. State Board of Education, supra; Esteban v. Central Missouri State College, 290 F.Supp. 622 (WD Mo.1968), aff'd. 415 F.2d 1077 (CA 8, 1969) (Blackmun, J.), cert. den. 398 U.S. 965, 90 S.Ct. 2169, 26 L.Ed.2d 548 (1970); Norton v. Discipline Committee of East Tennessee State University, 419 F.2d 195 (CA 6, 1969), cert. den., 399 U.S. 906, 90 S.Ct. 2191, 26 L.Ed.2d 562 (1970); Siegel v. Regents of University of California, 308 F.Supp. 832 (ND Cal. 1970); Whitfield v. Simpson, 312 F. Supp. 889 (ED Ill.1970); Giangreco v. Center School District, 313 F.Supp. 776,

779 (WD Mo.1969), and see in general; *"General Order on Judicial Standards of Procedure and Substance in Review of Student Discipline in Tax Supported Institutions of Higher Education"* 45 F.R. D. 133 (WD Mo.1968) and cases cited. In some of the above cases the regulations are very similar to those of the University of Puerto Rico. Siegel v. Regents of University of California, supra; Whitfield v. Simpson, supra. The arguments advanced by plaintiffs as to their constitutional rights are identical to those set forth and rejected in Grossner v. Trustees of Columbia University, 287 F.Supp. 535 (SD N.Y.1968).

The summary or preliminary suspension of students pending investigation or hearing (Art. 16 of the UPR Regulations) has likewise been held proper, since the only requirement is that a hearing be held at some stage before the final order becomes effective. Jones v. State Board of Education, supra, 279 F.Supp. at p. 202; Barker v. Hardway, 283 F. Supp. 228 (S.D. W.Va.1968), affd. 399 F.2d 638 (CA 4, 1968), cert. den. 394 U.S. 905, 89 S.Ct. 1009, 22 L.Ed.2d 217 (1969). See: Dixon v. Alabama State Board of Education, 294 F.2d 150 (CA 5, 1961), Scoggin v. Lincoln University, 291 F.Supp. 161, 172 (WD Mo.1968). Regulations on the right to picketing, marches and other demonstrations, similar to those contained in Article 3 of the UPR Regulations, have been found reasonable and valid. Powe v. Miles, 407 F.2d 73 (CA 2, 1968). And it was held in *Jones,* supra, 297 F.Supp. p. 200, that the limited combination by the school administration of prosecutorial and adjudicatory functions is not fundamentally unfair.

█ In short, the Regulations attacked in this case are so patently valid that the constitutional claim made by plaintiffs must be considered insubstantial. Therefore, we are under no duty to convene a three judge court to consider the petition for an injunction, cf. Sigma Chi Fraternity v. Regents of University of Colorado, 258 F.Supp. 515 (DC Colo. 1966); on the contrary, we are bound to dismiss the complaint for lack of juris-

diction. Swift & Company, Inc. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed. 2d 194 (1965); Benoit v. Gardner, 351 F.2d 846 (CA 1, 1965); Rosso v. Com. of Puerto Rico, 226 F.Supp. 688 (DC Puerto Rico 1964).

The request for a declaratory judgment can fare no better since "the declaratory relief alone has virtually the same practical impact as a formal injunction would." Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). In the Samuels case, and in companion cases decided by the Supreme Court in that same day; Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669; Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696; Pérez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 and Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781, the Court reversed several cases in which prosecution under state statutes had been enjoined on the authority of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22, relied on by plaintiffs herein, and takes great pains in limiting the *Dombrowski* decision to "extraordinary circumstances". The Court points out that the statements in *Dombrowski* suggesting that wherever a state statute is found on its face to be vague or overly broad the federal courts may give equitable relief, "were unnecessary to the decision of that case" (401 U.S. 50, 91 S.Ct. 754) and that "the existence of a 'chilling effect', even in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action" (*id.*).

■■ Another basic consideration in the case before us is the fact that the charges against most of the plaintiffs herein for violations of the Student Regulations are now being considered in administrative hearings before the Discipline Committee of the University. These hearings are practically finished and a decision on the charges should be expected in a short time. Until said decisions are rendered, the present case can not be said to be "ripe for adjudica-

tion", Stevenson v. Board of Education of Wheeler County, Georgia, 426 F.2d 1154 (CA 5, 1970). Moreover, the plaintiffs herein appeared before the Discipline Committee by counsel, they answered charges, filed motions of discovery, postponement and disqualification of one of the committee members and otherwise participated in the conduct of the hearings. At the evidentiary hearing in this case, it was shown that plaintiffs and their counsel decided to withdraw from the proceedings only after it was decided to hold the meetings in private in view of the noisy demonstrations of plaintiffs' followers. There is certainly no requirement that the hearings of this type of administrative body be held in public, as long as the proceedings are fair and afford an opportunity of defense. Moore v. Student Affairs Committee of Troy State University, 284 F.Supp. 725, 730 (MD Ala.1968). A full dress hearing in the sense of a judicial proceeding is neither required nor desirable. General Order * * * etc., supra, 45 F.R.D. 133, 147 (WD Mo.1968); Dixon v. Alabama State Board of Education, supra, 294 F.2d p. 159. Plaintiffs were afforded the opportunity to appear and defend, and their refusal to avail themselves of said opportunity cannot be a ground for constitutional attack. The committee was fully justified in continuing to hold hearings and dispose of the cases, since plaintiffs had waived the rights guaranteed them by the Regulations. Scott v. Alabama State Board of Education, 300 F.Supp. 163 (MD Ala.1969). Barker v. Hardway, supra, 283 F.Supp. p. 234.

■ The requirements of "irreparable damages" and "extraordinary circumstances" set by the latest cases of the Supreme Court, *Younger, Boyle, Samuels, Pérez* and *Dyson,* all supra, are absent in this case. It is held in Younger (401 U.S. 37, 91 S.Ct. 746), that the anxiety and inconvenience of having to defend against a criminal prosecution cannot be considered irreparable injury in the legal sense of the term. A *fortiori* no irreparable injury can be found in having to submit to a hearing of charges

before the Discipline Committtee of the University of Puerto Rico. The plaintiffs in that situation certainly did not consider it so when they waited for a number of months before resorting to this Court for equitable redress. Plaintiff Gaztambide likewise appeared before the Special Committee, further appealed to the President of the University and to the Council of Superior Education and there rested without taking any action after the decision against him was entered on September 24, 1970. The other plaintiffs—Consejo General de Estudiantes, Alvarez Febles, Rossy Millán and José Alberto Alvarez are patently lacking standing to challenge the Regulations and processes which have not affected them so far. "Persons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs in such cases", Younger, supra, p. 42, 91 S.Ct. p. 749. The testimony we have received as to the conduct of the hearings by the Discipline Committee fails to show any bad faith or harassment by the University officials.

To the students, the admonition of Judge (now Justice) Blackmun in *Esteban,* supra, 415 F.2d p. 1089, is in order:

"College attendance, whether it be a right or a privilege, very definitely entails responsibility. This is fundamental. It rests upon the fact that the student is approaching maturity. His elementary and secondary education is behind him. He already knows, or should know, the basics of decent conduct, of nonviolence, and of respect for the rights of others. He already knows, or should know, that destruction of property, threats to others, frightening passersby, and intrusions upon their rights of travel are unacceptable, if not illegal, and are not worthy of one who would pursue knowledge at the college level. These plaintiffs are no longer children. While they may have been minors, they were beyond the age of 18. Their days of accomplishing ends and status by force are at an end. It was time they assumed at least the outward appearance of adulthood and of manhood. The mass denial of rights of others is irresponsible and childish. So is the defiance of proper college administrative authority. * * * One might expect this from the spoiled child of tender years. One rightly does not expect it from the college student who has had two decades of life and who, in theory, is close to being 'grown up'."

The motion to dismiss filed by defendants is hereby granted and the case ordered dismissed.

