755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM LYNN JOHNSON, PLAINTIFF-APPELLANT,
v.
MICHAEL DUTTON, WARDEN; ANTHONY EANES, GUARD, CPL. LEPAGE;
C. THOMAS, DISCIPLINARY BOARD; AND R. PAGE,
DISCIPLINARY BOARD, DEFENDANTS-APPELLEES.
 NO. 84-5183
 United States Court of Appeals, Sixth Circuit.
 1/18/85
 
 ORDER
 BEFORE: KEITH, KENNEDY and CONTIE, Circuit Judges.
 
 
 1
 Plaintiff is appealing from a district court order dismissing his pro se civil rights action. Defendants were requested to file a brief but have failed to do so. The case has been referred to a panel of the Court under Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and plaintiff's appellate brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff is an inmate of the Tennessee State Penitentiary. On February 16, 1984, he filed a complaint alleging that defendants had 1) denied him due process in a disciplinary proceeding and 2) had placed him in a cell without heat during sub-zero weather in violation of the prohibition against cruel and unusual punishment. The district court dismissed the complaint without notifying plaintiff of its intent to dismiss and without addressing the plaintiff's Eighth Amendment claim.
 
 
 3
 In Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983), this Court held that a district court faced with a complaint which it believes may be subject to dismissal must 1) allow service of the complaint upon the defendant; 2) notify all parties of its intent to dismiss the complaint; 3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; 4) give the defendant a chance to respond or file an answer or motions; and 5) if the claim is dismissed, state its reasons for the dismissal. The Court further stated exceptions to the above requirements where the case is dismissed under 28 U.S.C. Sec. 1915(d) or where the district court clearly lacks jurisdiction. Id. at 1111.
 
 
 4
 In the present case, the district court complied with only the last requirement above. The dismissal was not made under Section 1915(d) since leave to proceed in forma pauperis was granted by the district court. Further, the district court did not clearly lack jurisdiction to consider plaintiff's claims. A court lacks jurisdiction only over claims which are plainly unsubstantial and which cannot be cured by amendment of the complaint. Hagans v. Lavine, 415 U.S. 528, 536-37 (1974); Brown v. Strickler, 422 F.2d 1000, 1002 (6th Cir. 1970). At the very least, plaintiff's claim of cruel and unusual punishment constitutes a cause of action under 42 U.S.C. Sec. 1983 which should not have been dismissed on the basis of the complaint alone.
 
 
 5
 It appears that the district court committed clear error, Rule 9(d)(4), Rules of the Sixth Circuit,
 
 
 6
 Therefore, it is ORDERED that the final order of the district court be vacated and the case is hereby remanded for further proceedings consistent with Tingler v. Marshall, supra.