793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT J. KONDRAT, Plaintiff-Appellant,
v.
ANN ALDRICH; BYRON & CANTOR; WESTON, HURD, FALLON, PAISLEY &
HOWLEY, Defendants-Appellees.
 85-3129
 United States Court of Appeals, Sixth Circuit.
 5/1/86
 
 VACATED AND REMANDED
 N.D.Ohio
 ORDER
 BEFORE: CONTIE and RYAN, Circuit Judges; BROWN, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the order dismissing his pro se civil rights action. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed this pro se civil rights action under 42 U.S.C. Sec. 1983 against United States District Judge Ann Aldrich and two private law firms. The complaint alleged that Judge Aldrich had reached an improper decision in a previous case filed by plaintiff, and that Judge Aldrich and the law firms had conspired to deprive plaintiff of his rights. The district court sua sponte dismissed the complaint for lack of jurisdiction because plaintiff failed to allege state action.
 
 
 3
 The district court cited to Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), in dismissing the complaint. In Tingler v. Marshall, supra, this Court specified certain procedures that must be followed before a district court can dismiss a pro se complaint sua sponte. However, we expressly declined to consider the propriety of sua sponte dismissals 'in cases where the district court clearly lacks jurisdiction,' citing Brown v. Strickler, 422 F.2d 1000 (6th Cir. 1970). Tingler v. Marshall, supra, 716 F.2d at 1111. In Brown, we held that summary disposition should be limited to cases in which the absence of jurisdiction is clear from the complaint and cannot be cured. The district court correctly held that jurisdiction was lacking under 42 U.S.C. Sec. 1983. However, pro se complaints must be liberally construed. See Haines v. Kerner, 404 U.S. 519 (1972). Jurisdiction clearly exists under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), which provides that suits against federal officials can be brought directly under the Constitution. Therefore, since federal jurisdiction existed, the Tingler v. Marshall procedures should have been followed in dismissing the complaint.
 
 
 4
 Accordingly, it is ORDERED that the district court's judgment is vacated and the case remanded for further proceedings consistent with Tingler v. Marshall, supra. Sixth Circuit Rule 9(d)(4).