827 F.2d 770
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey Miles KEERAN, Plaintiff-Appellant,
v.
OFFICE OF PERSONNEL MANAGEMENT, Defendant-Appellee.
 No. 86-3899.
 United States Court of Appeals, Sixth Circuit.
 August 26, 1987.
 ORDER
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and WISEMAN, District Judge.*
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983), this court expressed its disapproval of a district court sua sponte dismissing an action prior to effecting service on defendants and before allowing plaintiff an opportunity to amend the complaint. We did not specifically address, however, the propriety of a sua sponte dismissal for lack of subject matter jurisdiction. We now decide that where a district court properly concludes it is without subject matter jurisdiction, a sua sponte dismissal is not violative of Tingler.
 
 
 4
 Plaintiff, in the instant case, alleges in his complaint that the Office of Personnel Management has been arbitrarily rejecting his applications for employment. He contends these rejections are the result of several incidents of 'unauthorized name usage.' These 'name usages,' clearly the product of plaintiff's imagination, are inherently incredible accounts of nationally-known media personalities surreptiously commenting on plaintiff's sexual proclivities during the course of national radio and television broadcasts. He seeks injunctive relief.
 
 
 5
 The district court dismissed the complaint after the defendant was served but before permitting plaintiff an opportunity to amend his complaint. The court found that it lacked subject matter jurisdiction. This appeal followed.
 
 
 6
 Plaintiff has not alleged a jurisdictional basis for this action. Construing the contents of this pro se pleading liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), we believe the complaint may be read as an attempt to present a federal question under 28 U.S.C. Sec. 1331, or as an attempt to redress a constitutional violation under 28 U.S.C. Sec. 1343(a)(3). In Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974), the Supreme Court held that a case brought under the federal question statute could be dismissed for lack of subject matter jurisdiction if 'implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit.' Accord Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 70-71 (1978). The Court also held that a complaint for the redress of a constitutional deprivation could be dismissed for lack of subject matter jurisdiction if 'so attenuated and insubstantial as to be absolutely devoid of merit.' Hagans v. Lavine, 415 U.S. 528, 536-7 (1974) (quoting Newburyport Water Co. v. Newburyport, 193 U.S. 561, 579 (1904)). It is clear, under either view of the jurisdictional basis for this complaint, plaintiff has failed to invoke the subject matter jurisdiction of the district court. Resultantly, the sua sponte dismissal was substantively correct and procedurally proper as it fell outside the proscriptions of Tingler. We affirm. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation