889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Susan G. MADDEN, Plaintiff-Appellant,
v.
James S. THORBURN, William H. Madden, Frederick Ziem,
Defendants-Appellees.
 No. 89-1046.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1989.
 
 1
 Before MERRITT, Chief Judge, KENNEDY, Circuit Judge, and ROBERT M. MCRAE, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Michigan plaintiff appeals the district court's order sua sponte dismissing her civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983 and requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory and monetary relief, Susan G. Madden alleged that her constitutional rights were violated by the wrongful appointment of a guardian ad litem. Defendants are three named, but otherwise unidentified, individuals. In a supplemental pleading Ms. Madden alleged that an attempt was made to commit her to a mental facility.
 
 
 4
 Upon review we conclude that the district court properly dismissed the complaint for lack of jurisdiction. Generally, sua sponte dismissals are disfavored unless the district court specifically cites to 28 U.S.C. Sec. 1915(d), in dismissing on the basis of frivolity, or first provides the plaintiff an opportunity to amend a deficient complaint. E.g., Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). However, sua sponte dismissal for lack of subject matter jurisdiction is proper when the allegations are insubstantial. See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974).
 
 
 5
 We note that the district court has the power to "pierce the veil of factual allegations" in a complaint where the plaintiff proceeds in forma pauperis. See Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989). In the present case, it appears that the district court exercised this unusual power when it determined that two defendants were judges and that Ms. Madden appears to be challenging the propriety of a probate matter. It is well settled that federal district courts lack subject matter jurisdiction over probate matters, such as the appointment of a guardian ad litem. See, e.g., Bedo v. McGuire, 767 F.2d 305, 306 (6th Cir.1985).
 
 
 6
 Accordingly, the request for the appointment of counsel is denied and the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. McRae, Jr., Senior U.S. District Judge for the Western District of Tennessee, sitting by designation