914 F.2d 256
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas D.E. HALE, Plaintiff-Appellant,
v.
Dr. KAHN; Dr. David Snow; Dr. Richard Kirk; Watauga
Mental Health; Lakeshore Mental Health;
Woodridge Psychiatric Hospital,
Defendants-Appellees.
 No. 90-5195.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Thomas D.E. Hale filed a civil rights action in district court under 42 U.S.C. Sec. 1983, alleging that the named defendants improperly treated his mental condition and were therefore guilty of medical malpractice. The district court granted Hale's request to proceed in forma pauperis but dismissed his complaint, sua sponte, as frivolous. On appeal, Hale again alleges the defendants committed malpractice and clarified the grounds for his suit by his statement that he "is not suing for a constitutional violation," but for relief due to the defendants' "malpractice and ... negligence in this matter."
 
 
 3
 Upon review, we conclude that the district court's order dismissing the complaint should be affirmed. The district court improperly dismissed this pro se complaint sua sponte, as frivolous, without explicitly referring to the statutory authority to do so, under 28 U.S.C. Sec. 1915(d). Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986). Moreover, the court did not, in the alternative, permit Hale to amend his complaint or respond to a notice of the court's intent to dismiss sua sponte. Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir.1983).
 
 
 4
 However, this error was harmless as the complaint should have been dismissed below for lack of subject matter jurisdiction. Hale has alleged that, prior to his incarceration, his psychologist or psychiatrist committed malpractice by failing to institutionalize him in appropriate circumstances. It is, of course, the obligation of this court to raise the issue of jurisdiction sua sponte, even if not raised below. City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973). On appeal, it is clear that this court does not have subject matter jurisdiction. No federal claim appears on the face of the plaintiff's complaint. Since the alleged malpractice occurred prior to the plaintiff's incarceration, he has not alleged any action under color of state law. Therefore, even construing his complaint most liberally, he would not have a claim under 42 U.S.C. Sec. 1983. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Nishiyama v. Dickson County, Tenn., 814 F.2d 277, 279 (6th Cir.1987). Moreover, he has not shown diversity of citizenship under 28 U.S.C. Sec. 1332. Thus, since the district court lacked proper jurisdiction, this court lacks appellate jurisdiction.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.