**Earl G. HESS, Jr., et al., Plaintiffs**

v.

**Patricia L. HESS, Defendant.**

No. 3:95–cv–721.

United States District Court,
E.D. Tennessee.

Jan. 25, 1996.

Earl G. Hess, Jr., pro se, Farragut, TN.

Attorneys for Defendant—None.

### MEMORANDUM OPINION

JORDAN, District Judge.

In this civil action, the adult plaintiff, suing individually and as the next friend of the minor plaintiffs, seeks injunctive and other relief, including dissolution of a restraining order issued by a Tennessee court, on the basis of claimed violations of his and his minor children's federal constitutional rights. The plaintiffs also ask this court to review decisions made by courts of the State of Tennessee in the exercise of those courts' domestic relations jurisdiction. To highlight this, the plaintiffs entitle their complaint "Appeals to Federal Court on Constitutional Grounds."

The plaintiffs allege, in broad terms, that the defendant, who is the adult plaintiff's former spouse and the mother of the minor plaintiffs, has engaged in conduct contrary to these children's best interests, but that several Tennessee courts have engaged in an "organized effort" to protect the defendant, because she is a member of the Tennessee judiciary. The plaintiffs allege that in the course of this organized effort, those State courts have violated many of the plaintiffs' constitutional rights made applicable to the States by the Fourteenth Amendment.

That the plaintiffs, in this civil action brought purportedly for the vindication of federal constitutional rights, in fact seek appellate review by this court of decisions made in the Tennessee judicial system concerning such matters as the division of marital property between the adult plaintiff and the defendant, and the custody of the minor plaintiffs and visitation rights with respect to them, may be shown by some excerpts from the complaint filed in this civil action. On page 4 of their complaint, the plaintiffs state "that the Trial Court essentially ignored the state laws concerning distribution of marital assets, and knowingly allowed Defendant to secret and destroy marital assets and confiscate Plaintiff's premarital property." On page 6, the plaintiffs say that in one of the domestic relations proceedings before one of the Tennessee courts, the trial court ignored evidence offered by the adult plaintiff, and accepted "the further perjured pleadings of Defendant's attorney." The plaintiffs complain that a Tennessee court ignored or refused the minor plaintiffs' "due process action" in which they sought grandparent visitation under the applicable Tennessee statutory law, and that the trial court, in violation of constitutional guarantees of due process and equal protection, dismissed the adult plaintiff's complaint and motions without a hearing, and discriminated against this plaintiff on the basis of his gender by declining to award an injunction in his favor. The plaintiffs concede that they "have not exhausted their state avenues for appeal of case number 95CH3043 [apparently pending before the Circuit or Chancery Court for Anderson County, Tennessee]," but that the hostility of the Tennessee judiciary towards their claims establishes the futility of pursuing appeals in the Tennessee judicial system.

The adult plaintiff has invoked this court's jurisdiction before in an attempt to obtain relief from what he alleged were unlawful acts against him by Tennessee judicial officers and other State and local officials. In *Earl Gene Hess, Jr., et al. v. Patricia L. Hess, et al.*, no. 3:95–cv–0228, the plaintiffs, Mr. Hess and his minor children, represented by Mr. Hess as next friend, sought in part an order of this court dissolving a temporary restraining order entered by a Tennessee chancellor. At a hearing held in that civil action on August 11, 1995, this court dis-

missed the plaintiffs' claims against Chancellors Earl H. Henley and William E. Lantrip on the ground of judicial immunity, and denied the plaintiffs' motion to dissolve an injunction or restraining order entered by the Tennessee Chancery Court sitting in Anderson County. The court then filed an order reflecting these and other rulings [doc. 24 in no. 3:95–cv–0228]. Later, after providing the plaintiffs an opportunity to show cause against dismissal, the court dismissed that civil action in its entirety [doc. 27 in no. 3:95–cv–0228], after the plaintiffs failed to serve process in a timely manner on the named defendants other than the two chancellors.

■ This court has an obligation in each civil action before it, whether or not any party defendant has moved to dismiss [1], to inquire into the existence of jurisdiction of the subject matter of the civil action. *See* Fed.R.Civ.P. 12(h)(3). Because the plaintiffs have made the unusual request that this court sit in review of the decisions of State courts, and because their claims for relief all relate to previous State judicial decisions concerning such matters as the division of divorced spouses' property and child custody, matters not ordinarily litigated in federal courts, the court has undertaken its own consideration of the issue whether it has jurisdiction of the subject matter of this civil action.

Congress has not granted any jurisdiction to the district courts of the United States to sit as appellate courts to review decisions made in the courts of the various States. In *Sheldon v. Sill,* 49 U.S. (8 How.) 441, 12 L.Ed. 1147 (1850), it was argued that an act of Congress which limited the jurisdiction of the circuit courts of the United States by prohibiting them from exercising diversity jurisdiction in any case in which diversity had been created by the assignment of a promissory note or other chose in action was in conflict with the constitutional grant of diversity jurisdiction. The Supreme Court rejected this argument, and therefore reversed the judgment of the circuit court below for lack of jurisdiction, and remanded the case with directions to dismiss for lack of

jurisdiction, holding that the constitutional provision, in Article III, § 1, empowers Congress both to create the federal courts inferior to the Supreme Court and to define their respective jurisdictions.

> And it would seem to follow, also, that, having a right to prescribe, Congress may withhold from any court of its creation jurisdiction of any of the enumerated controversies. Courts created by statute can have no jurisdiction but such as the statute confers. No one of them can assert a just claim to jurisdiction exclusively conferred on another, or withheld from all.
>
> The Constitution has defined the limits of the judicial power of the United States, but has not prescribed how much of it shall be exercised by the Circuit Court; consequently, the statute which does not prescribe the limits of their jurisdiction, cannot be in conflict with the Constitution, unless it confers powers not enumerated therein.

*Id.* at 449 (footnote omitted).

The clear import of this in the civil action before this court is that it is unnecessary to address the issue whether review by this court of an order entered in a domestic relations case by a Tennessee court would violate the Tenth Amendment, principles of federalism, or any other constitutional doctrine. The simple fact is that Congress has not authorized any district court of the United States to sit in review of a judgment of a State court, and this court has no inherent power to do so.

In fact, the only federal court which is empowered to sit in review of the judgments of State courts is the Supreme Court of the United States. In 28 U.S.C. § 1257(a), the Supreme Court is granted jurisdiction to proceed by writ of *certiorari* to review the final judgments or decrees of the highest court of a State

> where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, *or where*

---

1. The defendant has not filed a responsive pleading or motion in this civil action.

*any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.*

(Emphasis added.) The plaintiffs may therefore, if they litigate legitimate federal constitutional claims in the proceedings in the Tennessee courts, and if they exhaust their avenues of appeal in the Tennessee judicial system, seek an appeal from any denial of federal constitutional rights to the Supreme Court, by way of a petition for a writ of *certiorari.*

Because a fair reading of the complaint filed in this civil action, in the light most favorable to the plaintiffs, discloses no claim for relief other than a request that this federal district court sit as an appellate court to review the decisions of Tennessee courts, the law outlined above mandates dismissal of this civil action. There is an additional reason why the plaintiffs have in this case failed to state a claim within the subject-matter jurisdiction of this court. In *Ex parte Burrus,* 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890), a grandfather who had withheld the custody of a minor child from the child's father in disobedience to orders of a federal district court sought a writ of *habeas corpus* from the Supreme Court for his release from imprisonment for contempt of the district court's orders. In this procedural posture, the Supreme Court was compelled to examine whether the district court had been possessed of jurisdiction in the first instance, on the basis of the original petition for a writ of *habeas corpus* filed on behalf of the minor child, to adjudicate the issue of child custody. The statute applicable to the writ of *habeas corpus* then in effect granted federal courts the power to issue the writ in cases in which any person was restrained of his or her liberty in violation of the constitution, treaties, or laws of the United States. (*See* 28 U.S.C. § 2241(c) in the modern United States Code.) Noting that the original proceeding concerning the custody of the minor child did not arise under federal law[2], the Supreme Court held that the proceedings concerning the custody of the minor child had been void, and that the petitioning grandfather was therefore entitled to the writ, the attachment and imprisonment of him having been equally void.

In noting that the original proceeding concerning the custody of the minor child did not arise under federal law, the Supreme Court in *Ex parte Burrus* stated, "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Id.* at 593–94, 10 S.Ct. at 853. The Supreme Court declined, however, to address the issue "whether the diverse citizenship of parties contesting this right to the custody of the child could, in the courts of the United States, give jurisdiction to those courts to determine that question." *Id.* at 596, 10 S.Ct. at 853.

In *Ankenbrandt v. Richards,* 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), the Supreme Court reviewed the history of the "domestic relations" exception to diversity jurisdiction, and concluded that it is derived from construction of jurisdictional statutes, as opposed to being a rule of constitutional law. In *Ankenbrandt,* the Supreme Court reaffirmed the exception as it applies to matters of divorce, alimony, and child custody and support. 504 U.S. at 703, 112 S.Ct. at 2215.

The complaint filed in this civil action shows clearly, in the addresses stated in the caption, that there is no diversity of citizenship between the plaintiffs and the defendant. While the plaintiffs have sprinkled references to federal constitutional rights liberally throughout their complaint, the relief sought deals entirely with matters concerning the care and custody of the divorced adult parties' minor children. These matters, as the adult parties' extensive litigation in the Tennessee judicial system shows, are indubitably domestic relations matters. And such matters, as *Ex parte Burrus, supra,* teaches, do not arise under federal law.

The plaintiffs have asked this federal district court to sit as a court of appeals to hear

2. As the opinion in *Ex parte Burrus* makes clear, federal district courts in that era did not have diversity jurisdiction. *See* 136 U.S. at 596, 10 S.Ct. at 853–54.

State domestic relations cases, something which Congress has not seen fit to allow district courts to do (and which Congress perhaps could not constitutionally allow). The plaintiffs, in this second round of litigation before this court arising out of their dissatisfaction with the rulings of Tennessee courts in domestic relations matters, have therefore failed to state any claim within this court's subject-matter jurisdiction. The court finds that there is no possibility that the plaintiffs could amend their complaint to seek the relief which they want without asking this court to sit in review of State-court decisions, and to exercise a domestic relations jurisdiction which it does not have.

■ In making these findings, and dismissing this civil action for lack of jurisdiction of the subject matter, the court is not ruling under Fed.R.Civ.P. 12(b)(6) that the plaintiffs have failed to state any claim on which relief can be granted by a court of competent jurisdiction, *see Tingler v. Marshall*, 716 F.2d 1109 (6th Cir.1983), nor that this civil action is frivolous. *See Harris v. Johnson*, 784 F.2d 222 (6th Cir.1986).[3] The distinction between dismissal for failure to state a claim on which relief can be granted and dismissal under Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction of the subject matter is significant. *Brown v. Strickler*, 422 F.2d 1000, 1001 (6th Cir.1970). Summary dismissal on the latter ground is appropriate where, as here, the absence of jurisdiction of the subject matter appears on the face of the complaint, and the jurisdictional defect is obviously not curable. *Id.* at 1002 (citation omitted). *See also Hale v. Kahn*, 914 F.2d 256 (table), 1990 WL 135937 (6th Cir.1990) (UNPUBLISHED OPINION) (summary dismissal of an *in forma pauperis* plaintiff's *pro se* complaint was proper when the face of the complaint disclosed neither a federal claim nor diversity of citizenship of the parties); *Madden v. Thorburn*, 889 F.2d 1087 (table), 1989 WL 140204 (6th Cir.1989) (UNPUBLISHED OPINION) (summary dismissal of such a complaint was proper when it was clear that the *pro se* plaintiff sought to

challenge the propriety of a probate matter, outside the subject-matter jurisdiction of the district court); and *Keeran v. Office of Personnel Management*, 827 F.2d 770 (table), 1987 WL 44548 (6th Cir.1987) (UNPUBLISHED OPINION) (*sua sponte* dismissal for lack of jurisdiction of the subject matter does not violate the rule of *Tingler v. Marshall, supra*).

For the reasons stated, the court will dismiss this civil action for lack of jurisdiction of the subject matter. The court will therefore deny as moot the plaintiffs' motion [doc. 2] for expedited consideration of their requests for extraordinary relief.

### *ORDER*

For the reasons stated in the court's memorandum opinion filed with this order, the court finds that it has no jurisdiction of the subject matter of this civil action. It is therefore **ORDERED** that this civil action is **DISMISSED,** under Fed.R.Civ.P. 12(h)(3).

It is accordingly **ORDERED** that the plaintiffs' request for an expedited hearing date [doc. 2], read as a motion, is **DENIED** as moot.

---

3. The plaintiffs have not proceeded in this civil action *in forma pauperis,* and therefore 28 U.S.C. § 1915(d) does not apply. In this memorandum opinion, the court expresses no finding that the plaintiffs' claims are frivolous or malicious.