**Harry J. HAWTHORNE, Plaintiff,**

v.

**Raymond J. FROEHLICH, Defendant.**

**No. CV 82–21–M.**

United States District Court,
D. Montana,
Missoula Division.

Dec. 15, 1983.

Harry J. Hawthorne, pro se.

Robert L. Deschamps, III, Missoula County Atty., Missoula, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

In this action the plaintiff (Hawthorne), formerly an inmate in the Missoula County

Jail and now a prisoner in the Montana State Prison, seeks injunctive relief and $1,500,000 in damages from the Sheriff of Missoula County because the Sheriff did not provide him with a law office, complete with typewriters, photocopying machines, notary services, furnishings, and a library.

The matter was tried before the court. It appears that Missoula County provides lawyers for all indigent defendants in criminal cases and for all indigent persons who seek habeas corpus relief. It does permit inmates to employ private lawyers, and it provides means of communication with private lawyers. It does not supply lawyers for inmates of the jail who wish to file civil actions, including Section 1983 cases. The County does provide writing and mailing material and notarial services free of charge. The jail does not have a library available to prospective pro se plaintiffs.

 In *Stone v. Palmer*, CV 81–109–M (D.Mont. Aug. 25, 1981), I held that the sheriff of a jail was not required to furnish a law library.[1] Reappraising the matter in light of *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), and *Leeds v. Watson*, 630 F.2d 674 (9th Cir.1980), I now think that a prisoner detained in any kind of a jail may not be denied meaningful access to the courts. However, it does not necessarily follow that, because neither attorneys' services nor a law library are furnished, meaningful access has been denied in all cases. In *Bounds* the court affirmed a district court order establishing a plan for the North Carolina state correctional facilities. It did not deal with the rights of particular plaintiffs. *Leeds* was a class action brought to establish the rights to court access of detainees in a "converted house in Coeur d'Alene, Idaho, which is used as a facility to house pretrial detainees, convicted persons, and juveniles." *Id.* at 675. Some of the detainees in the *Bounds'* and *Leeds'* situations were prisoners awaiting trial and persons who would be apt to seek post-conviction relief. Obviously a person detained for trial cannot wait until he is free from detention for the use of law books or the appointment of a lawyer, and a person seeking post-conviction relief remains incarcerated until he can gain meaningful access to the courts. In these cases time is of the essence, and the courts might well generalize that, where attorneys' services are not provided, a law library must be maintained on a standby basis. Such a generalization is not possible in this case. A lawyer was provided for the defense of Hawthorne's criminal case.[2] Hawthorne did not seek habeas corpus relief.

 There was no proof that Hawthorne had any civil case to prosecute other than the instant action. If Hawthorne was damaged, the damage was solely that caused by delay in the prosecution of his civil action. There is no indication that any statute of limitations had run on any kind of a civil case that Hawthorne had. The court notes from the file that Hawthorne was removed to the state prison sometime prior to March 4, 1982, and the court takes judicial notice of the fact that there is a library at the state prison. In short, Hawthorne has not shown that he was deprived of any meaningful access to the courts.

If we consider the facts unglazed by rhetoric, I think that there is no substantial class of detainees who will be denied meaningful access to the courts if a standby library is not provided. It is true that sometime in the future some detainee who has let a civil case sleep for most of the limitations period may be hurt by a delay. It may be that sometime some health- or life-threatening condition that could be remedied by a Section 1983 action will be permitted to exist longer than it should.[3]

---

**1.** I quoted from *Page v. Sharpe*, 487 F.2d 567, 569 (1st Cir.1973), as follows: "Under no stretch of the imagination is a county sheriff, or his subordinates, required to supply law books."

**2.** It is still the law that there is no need to provide a library where attorneys are provided.

*United States v. Wilson*, 666 F.2d 1241 (9th Cir. 1982).

**3.** I can think of no remedy available under 42 U.S.C. § 1983 which would be barred by any Montana statute of limitations in less than three years.

316

Prisoners may be imprisoned in a county jail for one year. MCA § 46–18–211 (1981). But when we consider that in the Missoula County Jail only 2% of the inmates are held more than 30 days and 95% of all inmates are released in less than 60 days, it is purely conjectural to state that at some time in the future the lack of a library will deny to any plaintiff meaningful access to the courts. I am simply unwilling to impose upon the taxpayers of Missoula County the costs of a standby library for the protection of these conjectural plaintiffs.

Hawthorne's claim is dismissed on the merits for the reasons that, first, he has not proved that he was denied meaningful access to the courts, and, second, he has not proved damages.