798 F.2d 470
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph William PRIVETT, Plaintiff-Appellant,
v.
Ernest PELLEGRIN, Odie Jones Orey Rice, Gary J. Livesay, and
Nancy Chewning, Defendants-Appellees.
 No. 85-5488.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Privett appeals pro se from the district court's order dismissing his action under 42 U.S.C. Sec. 1983. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examining the record and the briefs, this panel unanimously agrees that oral argument is not needed. Rule 34, Federal Rules of Appellate Procedure.
 
 
 2
 In his complaint, Privett, then a prisoner at the Morgan County Regional Correctional Facility in Wartburg, Tennessee, alleged that the defendants, prison officials, violated his right of access to the courts by denying him access to the law library, by denying him legal writing supplies, and by denying him ' adequate, free photocopying services. The district court held that Privett did not have a constitutional right to typewriter ribbons or unlimited stationery supplies and that his claim that the cost of photocopying reduces his income below an acceptable level for personal maintainance does not rise to the level of a constitutional claim, and the court found that his allegation that he was denied access to the prison law library was conclusory. The district court ordered that Privett must amend his complaint to state a cause of action or the action would be dismissed. Privett filed a motion for leave to amend his complaint and filed an amended complaint. The motion was granted but the action was dismissed for failure to state a cause of action. Privett appeals from the order of dismissal.
 
 
 3
 We agree with the district court that Privett does not have a constitutional right to typewriter ribbons or unlimited stationery supplies, see Twyman v. Crisp, 584 F.2d 352 (10th Cir.1978); Hawthorn v. Froehlich, 575 F.Supp. 314 (D.C.Mont.1983), and we agree that Privett suffered no constitutional deprivation from the cost of photocopying, particularly as we take judicial notice that this court's docket sheet for Case No. 85-5049 reflects that Privett was allowed to file the appropriate number of copies of his brief in the form of carbon copies. See United States v. Doss, 563 F.2d 265, 266 n. 2 (6th Cir.1977) (this court may take judicial notice of its own records).
 
 
 4
 We do not agree, however, that Privett's allegation that he was denied access to the prison law library was merely conclusory and thus failed to state a cause of action. A prisoner's right to access to the courts entitles him to reasonable access to either a law library or to legally trained personnel. Bounds v. Smith, 430 U.S. 917, 828 (1977). The portion of Privett's original complaint relevant to this entitlement is as follows:
 
 
 5
 Plaintiff asserts that defendants Pellegrin, Jones, and Rice are denying plaintiff access to the Prison Law Library, and therefore plaintiff can not research and shepardize his legal litigation cases nor can he study and learn the 6th Circuit Court of Appeals' Rules of Appellant [sic] Procedure, nor look at Law Books on the Constitutional Rights of Prisoners, nor use the Law Library Black's Law Dictionary, ... nor can plaintiff obtain legal aide from a competent law clerk and/or free world counselor[1].
 
 
 6
 This statement alleges that Privett was denied any access to the prison law library and that he was not provided with any legally trained personnel, and Privett even describes the books that this alleged total denial of access has prevented him from studying. We find that this allegation is not conclusory,Cf. Blackburn v. Fisk University, 443 F.2d 121, 124 (6th Cir.1971), that it states a cause of action, and that it may not, therefore, be dismissed as frivolous under 28 U.S.C. Sec. 1915(d)[2].
 
 
 7
 ACCORDINGLY, we REMAND this case for proceedings consistent with this opinion.
 
 
 
 [1]
 Privett's Motion for Leave to File a Supplemental Complaint states that
 [tlhe interests of justice will be served by this Court hearing at one trial, all the allegations contained in the Complaint and supplemental complaint.
 We find that this effectvely incorporates, by reference, the allegations of the original complaint into the amended complaint.
 
 
 [2]
 The order dismissing the case does not cite any statutory authority for the dismissal. However, we note that this is a pro se complaint, by a plaintiff proceeding in forma pauperis, and that the court dismissed the case sua sponte, so we will treat the dismissal as one for frivolousness under 28 U.S.C. 51915(d)