Billy Lamon BLACKBURN et al.,
Plaintiffs-Appellants,

v.

FISK UNIVERSITY et al., Defendants-
Appellees.

No. 20832.

United States Court of Appeals,
Sixth Circuit.

May 28, 1971.

William E. Caldwell, Memphis, Tenn., for plaintiffs-appellants; Louis R. Lucas, Ratner, Sugarmon & Lucas, Memphis, Tenn., on brief.

Alfred H. Knight, III, Nashville, Tenn., for defendants-appellees; Willis,

Knight, Chambers & Barr, Nashville, Tenn., on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and MILLER, Circuit Judges.

PHILLIPS, Chief Judge.

This appeal arises out of a suit instituted by twelve students of Fisk University, a privately endowed institution of higher learning located in Nashville, Tennessee. The action was filed against the University, its president, vice president and an assistant to the president. The students contend that their constitutional rights were violated when they were suspended from the University without a hearing. Their claim for relief is based on 42 U.S.C. §§ 1983, 1985(3), 1986 and 1988. Jurisdiction is asserted under these sections pursuant to 28 U.S.C. § 1343(3).

The District Court dismissed the complaint for failure to state a claim upon which relief could be granted. The students appealed. Two of the students dismissed their appeals on their own motions prior to oral argument.[1] We affirm.

Appellants contend that their suspensions violated their rights of free speech and to petition for redress of grievances under the First and Fourteenth Amendments of the Constitution, giving rise to a claim under 42 U.S.C. § 1983. They also contend that "they have been singled out for suspensions while others in like situations and circumstances have not been so suspended, thereby depriving plaintiffs of equal protection of the laws as secured by the Fourteenth Amendment," again giving rise to a claim under 42 U.S.C. § 1983. Finally, they contend that "they have been suspended as a result of a conspiracy on the part of the defendants," which they contend gives rise to a claim under 42 U.S.C. §§ 1985(3), 1986 and 1988. They request as relief an award of damages and that

the defendants be enjoined from "further depriving plaintiffs of their constitutional rights and from continuing to exclude plaintiffs from attendance at Fisk University."

The first two of the claims were dismissed by the District Court on the basis that none of the conduct complained of was taken by the defendants "under color of State law." The third of the claims was dismissed because it did not contain sufficient allegations of a conspiracy.

Two issues are thus presented for this Court's consideration: (1) Did the District Court err in holding that the complaint failed to allege sufficient "State action" to sustain a claim under 42 U.S.C. § 1983, and (2) Did the District Court err in dismissing the complaint under 42 U.S.C. §§ 1985(3), 1986 and 1988 for failure to allege sufficient facts to constitute a conspiracy.

## State Action

The complaint makes the following allegations concerning the involvement of the State of Tennessee in the activities of Fisk University:

"Fisk University is an educational nonprofit corporation organized and existing under and pursuant to the terms of a charter granted by the State of Tennessee. * * * The University is governed by a Board of Trustees organized and existing under and pursuant to the laws of the State of Tennessee. The University has the power of eminent domain pursuant to the laws of Tennessee and plaintiffs allege, upon information and belief, that a substantial portion of the land and buildings owned by the University were acquired by eminent domain. The University is exempt from all state and local taxes as an educational institution. Plaintiffs allege, upon information and belief, that the University receives a substantial portion of

---

1. The case originally was styled Herman Anderson et al. v. Fisk University. After Anderson dismissed his appeal the style was changed as indicated above. Another original plaintiff, Narquenta Spears, also has dismissed her appeal.

its revenues in the form of governmental grants from the State of Tennessee and the United States.

"Fisk University is a self-contained community and provides the usual governmental services to its members. The University maintains a security force, provides health and sanitation services, maintains roads, parks, walkways and provides housing, auditoriums and classrooms."

We do not consider this complaint to allege sufficient State involvement in the activities of the University to give the State control over the University or to make the University a "public" facility.

■ State involvement sufficient to transform a "private" university into a "State" university requires more than merely chartering the university, Trustees of Dartmouth College v. Woodward, 17 U.S. (4 Wheat.) 518, 4 L.Ed. 629; providing financial aid in the form of public funds, Grossner v. Trustees of Columbia University, 287 F.Supp. 535 (S.D.N.Y.); or granting of tax exemptions, Browns v. Mitchell, 409 F.2d 593 (10th Cir.).

■ Normally we are bound to accept the allegations of the complaint as true in deciding whether a motion to dismiss was properly granted, L'Orange v. Medical Protective Co., 394 F.2d 57, 59 (6th Cir.). However, we are not bound by allegations that are clearly unsupported and unsupportable, Sexton v. Barry, 233 F.2d 220 (6th Cir.), cert. denied, 352 U. S. 870, 77 S.Ct. 94, 1 L.Ed.2d 76; Pauling v. McElroy, 107 U.S.App.D.C. 372, 278 F.2d 252, cert. denied, 364 U.S. 835, 81 S.Ct. 61, 5 L.Ed.2d 60; Homan Mfg. Co. v. Russo, 233 F.2d 547 (7th Cir.). We should not accept as true allegations that are in conflict with facts judicially known to the Court, Interstate Natural Gas Co. v. Southern Cal. Gas Co., 209 F.2d 380 (9th Cir.); Barron & Holtzoff, 1A Federal Practice and Procedure § 350 (Wright ed. 1960).

We note that some of the factual averments of the above-quoted portion of the complaint are contradicted by facts of which this court takes judicial notice.

It is proper for a federal court to take judicial notice of the laws of the States in which it sits, 5 Moore's Practice § 43.09; 29 Am.Jur.2d Evidence § 34. The allegation that Fisk University receives a substantial portion of its revenues in the form of government grants from the State of Tennessee is not supported by the public laws of Tennessee, including appropriations bills. We take judicial notice of that fact. At oral argument counsel for plaintiffs could not refer to a single instance under the laws of Tennessee where the State Legislature has made grants to Fisk University. Our independent research has disclosed no such legislative grants.

The averment that the State of Tennessee has conferred upon Fisk University the power of eminent domain likewise is not supported by the public laws of Tennessee. We find no such authority except the limited power conferred upon the University of Tennessee and accredited senior colleges to condemn property adjacent to the campus, which was granted by T.C.A. § 23–1506. This power was not extended to private colleges such as Fisk University until the enactment of Ch. 204, Tenn.Public Acts of 1959.

We consider the allegation that Fisk University receives funds from the United States Government as irrelevant to the question of whether there is sufficient State involvement to constitute a claim upon which relief can be granted.

"Inasmuch as the Civil Rights Act of 1871, 42 U.S.C. § 1983, is concerned only with state action and does not concern itself with federal action we lay to one side as entirely irrelevant any evidence concerning the participation of the federal government in the affairs of the University. See Grossner v. Trustees of Columbia University, 287 F.Supp. 535, 547 (S.D.N.Y. 1968)." Browns v. Mitchell, 409 F.2d 593, 595 (10th Cir.).

We conclude that the well pleaded facts averred in the complaint, consid-

ered cumulatively, do not evidence such State involvement as to transform the actions of the Fisk University officials into "State action." This is particularly true when the matters of alleged State involvement are in no way concerned with the actions taken by the school officials. The State of Tennessee does not control the president of Fisk University and certainly does not dictate the disciplinary policies of the school. *See,* Browns v. Mitchell, *supra*; Grossner v. Trustees of Columbia University, *supra*.

Our decision in Brown v. Strickler, 422 F.2d 1000 (6th Cir.), is not controlling in the present case. In *Brown*, a complaint was filed by several University of Louisville students against the University President and other officials claiming that the students' constitutional rights were violated when they were dismissed from the University by the defendants. The claim for damages and an injunction was based on 42 U.S.C. § 1983, and the District Court dismissed the complaint for lack of subject matter jurisdiction. We reversed the District Court's decision. It was clear, however, from the record in that case that the University of Louisville was a State supported school. It is a Municipal University [2] and it receives substantial financial support from the City of Louisville and the Commonwealth of Kentucky.

■ Plaintiffs' complaint, in addition to the unfounded allegations of State funding, alleges that Fisk University is a self-contained community providing the usual governmental function. In Evans v. Newton, 382 U.S. 296, 86 S.Ct. 486, 15 L.Ed.2d 373, the Supreme Court held that the city of Macon could not maintain segregation in a municipal park by transferring title to the park to private trustees. The Court's decision was based on the theory that parks, like fire departments, police departments, and utilities companies render a service that is essentially municipal in nature, thus making its control an act of the State. The Court in *Evans* distinguished private universities as not being within the purview of its "public function" concept. We hold that Fisk University is not a public facility of the nature that would transform the disciplinary actions by the school officials in administrating the internal affairs of the University into "State action." *See,* Browns v. Mitchell, *supra*, 409 F.2d 593.

### Conspiracy Allegations

The only contentions in the complaint regarding the alleged conspiracy are as follows:

"This is an action * * * to recover damages from the defendants for conspiring for the purpose of depriving plaintiffs of the equal protection of the laws and of rights, privileges and immunities under the laws and Constitution of the United States

* * *.

* * * * * *

"Plaintiffs further allege that they have been suspended as a result of a conspiracy on the part of the defendants. * * * "

■■ We hold that these conclusory allegations are not sufficient to state a claim under 42 U.S.C. §§ 1985(3), 1986 and 1988. *See,* Dunn v. Gazzola, 216 F.2d 709 (1st Cir.). There are no facts alleged in support of the conclusions, and we are required to accept only well pleaded facts as true, L'Orange v. Medical Protective Co., 394 F.2d 57 (6th Cir.), not the legal conclusions that may be alleged or that may be drawn from the pleaded facts. Sexton v. Barry, 233 F.2d 220 (6th Cir.), cert. denied, 352 U.S. 870, 77 S.Ct. 94, 1 L.Ed.2d 76; Ryan v. Scoggin, 245 F.2d 54 (10th Cir.).

The judgment of the District Court is affirmed.

2. *See* K.R.S. § 165.010.