FAMILY FORUM, as an unincorporated association of parents of black high school students attending St. Martin DePorres High School, et al., Plaintiffs,

v.

The ARCHDIOCESE OF DETROIT et al., Defendants.

Civ. A. No. 38520.

United States District Court,
E. D. Michigan, S. D.

Aug. 23, 1972.

Hilda R. Gage, Gragg & Gardner, P. C., Detroit, Mich., for plaintiffs.

Eugene Krasicky, Asst. Atty. Gen., Lansing, Mich., for defendant John W. Porter, Superintendent of Public Instruction of the State of Michigan.

Neil B. Hayes, Hayes, Thompson, Moran & Gatto, Detroit, Mich., Harry M. Nayer and John M. Roche, Detroit, Mich., of counsel, for defendants.

## OPINION

RALPH M. FREEMAN, District Judge.

This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1985(3) and 28 U.S.C. § 1343(3) and (4). This matter is before the Court on motions of defendants to dismiss for

lack of jurisdiction over the subject matter. We consider this motion on briefs submitted by the parties. Oral arguments were waived at the request of the plaintiffs.

The complaint charges the defendants in this action of interfering

. . . with Plaintiffs' fundamental rights guaranteed to them under the First and Fourteenth Amendments of the United States Constitution, specifically the Plaintiffs' rights of speech, free association, and to an educational opportunity equal to those enjoyed by white students,

and with conspiring and agreeing

. . . at various times and places to interfere with the Fourteenth Amendment rights of Plaintiffs and all students of St. Martin DePorres High School to deny them an opportunity for an education equal to that of other students attending school in the Archdiocese. These Defendants have committed overt acts in furtherance of that conspiracy including, but not limited to a restructuring of the control and operation of St. Martin DePorres High School in order to ultimately destroy the only all black high school in the Archdiocese.

Briefly, the facts in this case appear as follows from the complaint. St. Martin DePorres High School is a predominantly black high school operated by the Catholic Church and located in the City of Detroit. For the past five years Mr. Joseph Dulin has been the principal of the school. In the spring of this year, 1972, Mr. Dulin resigned from his post with the school for personal reasons, including his health. Shortly after his resignation he suffered a heart attack and was hospitalized. After accepting Dulin's resignation, the Board of Education sought a replacement for Mr. Dulin. Subsequently some of the parents of students at St. Martin DePorres encouraged Mr. Dulin to return to his position as principal. He then submitted his application to the Board. The School Board refused to rehire Mr. Dulin.

Plaintiffs then brought this suit claiming that without Mr. Dulin they would withdraw their support from the school which would eventually lead to the closing of the school. They then charged the School Board with attempting to close the school. Plaintiffs ask that the Board be ordered to rehire or retain Mr. Dulin and to refrain from discriminating against the students and parents of St. Martin DePorres High School and from interfering with the successful educational program at the school.

In order to bring an action under the provisions of 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), the plaintiffs must be challenging acts which were performed by persons acting under color of state law. In the case at bar plaintiffs are challenging actions taken by persons who have been and are acting in their capacity as church officials and school board members of a parochial school. The question therefore becomes whether or not these persons were acting under color of state law assuming they committed the offending acts alleged in the complaint.

Plaintiffs base their conclusion that state action is involved in this complaint on Michigan statutes, M.S.A. § 15.1921 et seq., M.C.L.A. § 388.551 et seq., which provide for some supervision over private and parochial schools by the state. For this purpose they have named John W. Porter, Superintendent of Public Instruction of the State of Michigan, as a defendant and allege that he has been responsible for the actions of the school board and the other defendants by failing to act in a manner consistent with his power. Plaintiffs assert that this entanglement between the state and the parochial schools is sufficient to color the actions of the school board with authority, thus conferring jurisdiction on this Court.

Secondly, plaintiffs contend that the granting of a tax exempt status to parochial schools by state statute constitutes state action. M.S.A. §§ 7.7 and 7.9, M.C.L.A. §§ 211.7, 211.9. Thirdly, plaintiffs allege that state action should be

found under the law set forth in Marsh v. Alabama, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946).

The *Marsh* case was a criminal prosecution for trespass. Petitioner had distributed certain literature while on premises belonging to a private corporation. The premises, however, constituted the main shopping district of the town. Under these circumstances the Supreme Court said that where a private individual carries on an activity which invites the public to make use of his private property, he can no longer exercise absolute control over the property. For example, the court said that highways, bridges, ferries and railways owned by private individuals may not be operated as freely as a farmer does his farm. Thus, petitioner's conviction was reversed.

■ In the case at bar there is no indication that the school has been opened up to the public in a manner comparable to that described in *Marsh*. Instead it is clear that the school officials select the students who will attend the school. The school is not open to the general public. Thus we find no merit in this contention of the plaintiffs.

■ Secondly, plaintiffs attack the tax exempt status of the school. Plaintiffs cite two cases, Green v. Connally, 330 F.Supp. 1150 (D.C.1971) and Pitts v. Department of Revenue for State of Wisconsin, 333 F.Supp. 662 (E.D.Wis. 1971). In *Green,* the parents of black school children attending public schools in Mississippi sought to enjoin the United States Treasury from granting tax exempt status and deductibility of contributions to private schools in Mississippi which discriminated against blacks in the admission of students. The court in the *Green* case sustained the allegations of the plaintiffs' complaint and held that schools which discriminated with regard to race were not entitled to tax exempt status and that donations to these schools should not qualify as charitable deductions. However, in the case at bar there is no federal statute involved as there was in *Green*. Furthermore, the plaintiffs are not attacking the statute which allows the school in question to be free from taxes nor the application of that statute to this school. Instead they are attempting to use the statute to show state action. Pitts v. Department of Revenue involved an attack upon a state statute that gave tax exemptions to certain organizations that were found by the court to discriminate in their membership on the basis of race. In *Pitts* the court held the state exemption to be state action that encouraged discrimination in violation of the plaintiffs' rights under the equal protection clause. But *Pitts* involved a different issue from the issue at bar. The court in *Pitts* distinguished cases which challenge the right of any private organization to discriminate and those which claim state action has impregnated private organizations which discriminate. The courts in *Pitts* and *Green* were faced with very different situations since plaintiffs in those cases attacked federal or state statutes which were enacted and enforced by state officials. Moreover, the specific actions challenged in those cases were performed by state officials whereas the actions challenged in the case at bar are those of persons other than state officials who administer the granting of tax exempt status. Thus, this Court finds that *Pitts* and *Green* are not authority for plaintiffs' position. Moreover we agree with the reasoning of Judge Murrah in Browns v. Mitchell, 409 F.2d 593 (10th Cir. 1969) wherein he held that the granting of tax exempt status to the University of Denver, a religiously affiliated college, was not sufficient state action to invoke jurisdiction of the federal courts over a case involving disciplinary actions by college officials against certain students. The students claimed these actions constituted violations of their constitutional rights. For these reasons we do not find the grant of tax exempt status by the state to parochial schools to be sufficient state action to confer jurisdiction on this Court.

Lastly, plaintiffs have argued to this Court in their briefs that the statutory power of the Superintendent of Public Instruction to close parochial schools constitutes state action. The power of the superintendent to close the schools is set forth in § 15.1924, M.C.L.A. § 388.-554. This power is limited, however, by the scope of the statute as set forth in M.S.A. § 15.1921 which provides

> It is the intent of this act that the sanitary conditions of such schools, the courses of study therein, and the qualifications of the teachers thereof shall be of the same standard as provided by the general school laws of the state.

Thus, two questions are presented. First, does the amount of control over this parochial school, alone or together with its tax-exempt status, constitute sufficient entanglement of the state in the affairs of the parochial school to constitute state action. Secondly, if there is sufficient entanglement of the state in the affairs of the school, does the superintendent have any power to prevent the offending acts alleged in this case.

In answering the first question we turn to several cases involving similar circumstances although none are, of course, identical. Of most interest to this Court, is a decision by the Sixth Circuit Court of Appeals in Blackburn v. Fisk University, 443 F.2d 121 (6th Cir. 1971). In *Blackburn*, the Court affirmed the granting of defendant's motion to dismiss the complaint against a private university. The facts, as stated in that case, indicate that Fisk University was chartered by the State of Tennessee and held a limited power of eminent domain. The court found these relationships between the state and the university insufficient state involvement "to transform the actions of Fisk University officials into 'State Action'."

Other courts have dismissed similar actions for lack of jurisdiction. For example, in McLeod v. College of Artesia, 312 F.Supp. 498 (D.N.Mex.1970) the city in which the college was located raised money for the college and sold the college property upon which the college was built. The court found these kinds of support to be too minimal to constitute state action and dismissed the complaint against the college for lack of jurisdiction under 42 U.S.C. § 1983. *Browns,* supra, held that the grant of tax exemption was insufficient state action to confer jurisdiction. See also Palacios v. Foltz, 441 F.2d 1196 (10th Cir. 1971); Bright v. Isenbarger, 314 F.Supp. 1382 (N.D.Ind.1970), aff'd 445 F.2d 412 (7th Cir.).

Plaintiffs cite two cases in support of their view. Belk v. Chancellor of Washington University, 336 F.Supp. 45 (E.D. Mo.1970) and Commonwealth of Pennsylvania v. Brown, 270 F.Supp. 782 (E.D.Pa.1967). In *Belk* the court based its finding of state action on the grant of a charter by the state to the university. Since we do not have a state chartered institution in this case, we do not find this case particularly helpful. More importantly, in *Blackburn,* supra, the Sixth Circuit, whose decisions are binding on this Court, found the grant of a state charter to be insufficient interference to constitute state action.

The other case cited by plaintiffs, Commonwealth of Pennsylvania v. Brown, supra, involved Gerard College, a school for white orphans which City Trustees had controlled for 125 years. Surely in that case there could be no doubt that there was substantial state action.

■ But in the case before this Court, the state has minimal control over private educational facilities. The state is concerned only with sanitation, qualifications of teachers and minimum course requirements. We do not find this minimal amount of regulation, even when considered in conjunction with the tax exempt status, to be sufficient entanglement to constitute state action. The state is merely exercising a legitimate interest in the education of children.

Moreover, even if there were sufficient state involvement in the private schools, the power of the superintendent is not broad enough to prevent or regulate any of the offending conduct alleged in the complaint. The superintendent can only close the school for improper sanitary conditions, hiring of unqualified teachers or failure to follow the course of study. None of these kinds of activities are alleged in the complaint. The superintendent has no control over the decision of a board to close a private school, nor over the decision to hire or fire a principal. In *Blackburn*, the Sixth Circuit said at p. 124 that their finding of no state action was buttressed by the fact the alleged state involvement was "in no way concerned with the actions taken by the school officials." See also Browns v. Mitchell, supra. Likewise, in the case at bar, even if there were substantial involvement of the state in the affairs of the school, there is no nexus between the actions of the board and the alleged state action. For these reasons we find no substantial state action to confer jurisdiction on this court under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

Plaintiffs also allege a violation of 42 U.S.C. § 1985(3). Plaintiffs claim that defendants, Archdiocese of Detroit, John Cardinal Dearden and the School Board for St. Martin DePorres High School [1] have conspired and agreed to deny the plaintiffs an equal education in violation of their Fourteenth Amendment rights. The complaint goes on to state

> These Defendants have committed overt acts in furtherance of that conspiracy including, but not limited to, a restructuring of the control and operation of St. Martin DePorres High School in order to ultimately destroy the only all Black high school in the Archdiocese.

In order to bring their complaint within this section plaintiffs must not only allege a conspiracy, but allege facts in support of their claim. Thus,

in Blackburn v. Fisk, supra, the Sixth Circuit affirmed the dismissal of the conspiracy count for being merely conclusory and unsupported by facts. In pertinent part the complaint in *Blackburn* reads as follows:

> This is an action . . . to recover damages from the defendants for conspiring for the purpose of depriving plaintiffs of the equal protection of the laws and of rights, and privileges and immunities under the laws and Constitution of the United States
>
> . . .
>
> Plaintiffs further allege that they have been suspended as a result of a conspiracy on the part of the defendants. 443 F.2d at p. 124.

We find that the allegations in the complaint at bar suffer from the same failing noted in the *Blackburn* case, namely that they are conclusory in nature and do not state a claim under § 1985(3).

In addition, the conspiracy count raises the question of state action. Thus, the second paragraph of the conspiracy claim states, "Defendants so acting under color of state law have violated Plaintiffs' rights under 42 U.S.C. § 1985(3)." Moreover, the conspiracy count states that defendants have violated the Fourteenth Amendment. The Fourteenth Amendment goes to state action for it states, "No State" shall deny any person the equal protection of the laws. Thus we have come full circle; and our holding that there is no state action involved in the allegations of the complaint disposes of the allegations of conspiracy under § 1985 as well as the claim under § 1983.

Furthermore, certain facts have come to the attention of the Court through the briefs of the parties and the complaint which are in such sharp contradiction to the charges of discrimination alleged in the complaint so as to cast serious doubts upon the merits of this action. First as appears from that portion of the complaint set forth above,

---

1. John Porter is not named as a defendant in the conspiracy count.

the plaintiffs in this case seek the authority of this court to perpetuate an all black school. From the decisions rendered by the Supreme Court and by courts of this district, we hardly think that an all black school comports with the contemporary concept of an equal educational opportunity. Moreover we would also point out some additional facts which have come to light in this case. The school board which is attacked as discriminating against the black plaintiffs by preventing an education equal to that of white students, is in fact black by a wide margin, 13 of its 15 members being black. We find this fact to be inconsistent with the allegations of the complaint.

We also note that since the filing of this action, the defendant school board has appointed a new principal to replace Mr. Dulin. The parent-plaintiffs in this action have begun to withdraw their children from the school and thus have withdrawn their support. Under these circumstances, we find the position of the plaintiffs that the school board is attempting to close the school to be inconsistent with plaintiffs' actions which are likely to result in the closing of the school.

In addition, we note that the complaint lists 28 U.S.C. § 1343(4) as a basis for jurisdiction. That section goes to violations of any right guaranteed by Act of Congress providing for protection of civil rights. Plaintiffs have not alleged Acts of Congress other than §§ 1983 and 1985(3) under which they could proceed. Having dismissed the allegations under those two sections, there is no jurisdiction under § 1343(4).

In their brief in opposition to the motion to the court, plaintiffs allege jurisdiction under 28 U.S.C. § 1343(1) which confers jurisdiction for actions under § 1985. Since the claim under § 1985 must fall, there is no jurisdiction under § 1343(1).

Furthermore, in their complaint plaintiffs alleged jurisdiction under 28 U.S.C. § 1331. They have abandoned this avenue in arguments to the court and in their brief on jurisdiction.

Defendants' motions to dismiss for lack of subject matter jurisdiction are hereby granted.

An appropriate order may be submitted.