755 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANNIE M. WILLIAMS, PLAINTIFF-APPELLANT,
v.
SHERIFF EUGENE BARKSDALE, WARDEN MICHAEL DUTTON, DEFENDANTS-APPELLEES.
 NO. 84-5349
 United States Court of Appeals, Sixth Circuit.
 1/25/85
 
 ORDER
 BEFORE: MERRITT and KENNEDY, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's March 16, 1984, order granting defendants' motions to dismiss her pro se civil rights action brought under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The standard for reviewing the dismissal of a section 1983 action is whether it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Dunn v. Tennessee, 697 F.2d 121 (6th Cir. 1982), cert. denied, 460 U.S. 1086 (1983). Although a pro se complaint should be construed more liberally than a complaint drafted by an attorney, Haines v. Kerner, 404 U.S. 519 (1972), plaintiff's complaint was properly dismissed in this case.
 
 
 3
 A complaint must allege deprivation of a constitutional right to state a cause of action under section 1983. Parratt v. Taylor, 451 U.S. 527 (1981). Section 1983 does not provide a remedy for common-law torts. Baker v. McCollan, 443 U.S. 137 (1979). A plaintiff must also allege a constitutional violation. Id.; Dunn v. Tennessee, supra. Conclusory allegations of constitutional violations unsupported by facts are insufficient to support a cause of action under section 1983. Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971); Blackburn v. Fisk University, 443 F.2d 121 (6th Cir. 1971).
 
 
 4
 In the present case, plaintiff does not allege any facts showing that her arrest and imprisonment were in violation of the constitution. Instead, she asserts that she was imprisoned 'without probable cause,' based on the fact that her conviction for armed robbery was reversed by the Tennessee Court of Criminal Appeals. Plaintiff states that she was arrested pursuant to an indictment issued by a grand jury. She does not attack the validity of this indictment. Even if she were innocent of the charge, which she does not claim, innocence is irrelevant to a due process claim. Baker v. McCollan, supra, 443 U.S. at 144-145. Plaintiff's claim that her arrest and imprisonment wereunconstitutional is a mere conclusion and is insufficient to state a claim under section 1983.
 
 
 5
 The district court held that the complaint was not only conclusory but failed to allege any personal involvement by defendants. It is axiomatic that a state official cannot be liable under section 1983 on a respondeat superior basis. See Bellamy v. Bradley, 729 F.2d 416 (6th Cir.) cert. denied, ---- U.S. ----, 105 S.Ct. 156 (1984). Plaintiff merely alleged that defendants were the persons who imprisoned her. Plaintiff then admitted that defendant Dutton was not warden of the Tennessee Penitentiary when she was imprisoned there. Therefore, it is clear that Dutton cannot be liable under section 1983. Although plaintiff may have sufficiently alleged personal involvement by defendant Barksdale, she has not demonstrated a constitutional deprivation.
 
 
 6
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).