805 F.2d 1036
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence William SHELLY, Plaintiff-Appellant,
v.
Edward A. QUINNELL, Gary L. Walker, Theodore H. Koehler,
Judd Spray, and Peter L. Plummer, Defendants-Appellees.
 No. 86-1408.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1986.
 
 Before JONES, MILBURN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's judgment dismissing his prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is a prisoner in the Marquette, Michigan prison. The defendants are the warden of the prison plus county prosecutors and a state court judge from the county in which the prison is located. The plaintiff's complaint alleges that the defendants subjected him to a criminal prosecution for assaulting a prison guard while at the same time refusing to prosecute three prison guards who had assaulted the plaintiff on various occasions. He requested a stay of the state criminal proceedings and $10,000 in damages.
 
 
 3
 The district court held that the plaintiff had failed to state a claim against the warden because his allegations were conclusory. Blackburn v. Fisk University, 443 F.2d 121, 124 (6th Cir.1971). The court also held that summary judgment in favor of the warden was proper because the warden's unrebutted affidavit showed that the warden merely referred the plaintiff's case to the county prosecutors for further investigation and proceedings. We agree with these conclusions of the district court.
 
 
 4
 The district court also held that the county prosecutors and the state court judge were absolutely immune from a suit for damages. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Imbler v. Pachtman, 424 U.S. 409, 420 (1976). The court found no selective enforcement violation because there was no showing of use of an unjustified standard such as race or religion. Oyler v. Boles, 368 U.S. 448, 456 (1962). Finally, the court abstained from interferring in the state court criminal prosecution. Younger v. Harris, 401 U.S. 37, 45 (1971). We also agree with these conclusions of the district court.
 
 
 5
 The district court did not address the plaintiff's motion to amend his complaint. However, a motion for leave to amend a complaint may be denied if the complaint as amended could not withstand a motion to dismiss. Neighborhood Development Corporation v. Advisory Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir.1980) (per curiam). Here the amended complaint would have added as defendants the prison guards (who allegedly assaulted the plaintiff) without adding any further factual allegations that would have stated a claim or avoided summary judgment. So the motion to amend the complaint would have been properly denied, and this issue is without merit.
 
 
 6
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.