815 F.2d 80
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence SCHREANE, Plaintiff-Appellant,
v.
TENNESSEE DEPARTMENT OF CORRECTIONS; Gary Livesay, Warden;
Mike Cody, Commissioner; Bob Palmer, Steward; Cpl. Gary
Medlin; Wayne Measles, Personnel Director; and Mark Bush,
Counselor, Defendants-Appellees.
 No. 86-5403.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1987.
 
 MARTIN, NELSON and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This Tennessee prisoner appeals from an order dismissing his amended pro se complaint filed pursuant to 42 U.S.C. Sec. 1983. In his complaint and amended complaint, the plaintiff argues that on June 12, 1985, while working in the prison dining room, he was seen by a prison steward taking a piece of chicken in the serving line. As a result, a disciplinary write-up occurred. Although it is unclear, it is apparent from the plaintiff's complaint that the disciplinary board gave the plaintiff "a job drop five days probation for thirty (30) days" and a written warning.
 
 
 2
 On appeal, although it is again not altogether clear, the plaintiff seems to raise the following grounds for relief: (1) Whether sufficient grounds existed for the district court to dismiss the complaint; (2) Whether there was discriminatory treatment by the officials at the Southeastern Tennessee State Regional Correctional Facility; (3) Whether the plaintiff's punishment was too severe and whether the defendants violated their own procedural rule by waiting more than seven (7) days to hold a hearing; and (4) Whether the plaintiff had a right to be heard by an impartial disciplinary board and whether the plaintiff had a right to have a minority working at the institution, as well as on the disciplinary board.
 
 
 3
 As to the allegations that there existed discriminatory treatment at the prison and that the disciplinary board was not impartial, it is clear that the district court did not err in stating that such conclusory allegations were insufficient to state a cause of action under 42 U.S.C. Sec. 1983. Conclusory claims in a complaint are not sufficient to state a claim for relief under 42 U.S.C. Sec. 1983. Smith v. Rose, 760 F.2d 102 (6th Cir.1985); see also Blackburn v. Fisk University, 443 F.2d 121 (6th Cir.1971); Place v. Shepherd, 446 F.2d 1239 (6th Cir.1971). Likewise, the plaintiff has no constitutional right to have a member of a minority sitting on the prison disciplinary board.
 
 
 4
 The plaintiff also seems to argue on appeal that the punishment he received was too severe or was otherwise improper. This issue, however, was not raised in the district court and therefore cannot be heard on appeal. Compton v. Tennessee Department of Public Welfare, 532 F.2d 561 (6th Cir.1976). In addition, no extraordinary circumstances are present to warrant review of the claim.
 
 
 5
 The plaintiff also seems to argue that his disciplinary hearing was not held within seven (7) days of the alleged incident in accordance with the Department of Corrections' guidelines. This claim fails to arise to a level of constitutional magnitude. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983); Bills v. Henderson, 631 F.2d 1287, 1299 (6th Cir.1980); Loudermill v. Cleveland Board of Education, 721 F.2d 550, 564 (6th Cir.1983), aff'd and remanded, 470 U.S. 532 (1985).
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.