815 F.2d 703
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruby H. HARRIS, Plaintiff-Appellant,
v.
CUYAHOGA COUNTY BOARD OF HEALTH, et al., Defendants-Appellees.
 No. 85-4065.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1987.
 
 Before JONES, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court on motions to dismiss. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Pro se appellant appeals the district court judgment dismissing her complaint for monetary damages. Appellant alleged that neighbors' septic tanks and the county's drainage ditches caused flooding on her property. Appellant also alleged that she was arrested without a warrant. The district court liberally construed her pro se complaint and amended complaint as a 42 U.S.C. Sec. 1983 action, but found that she failed to allege sufficient facts to state any cognizable claim. The district court also found that she had filed after the statute of limitations had expired.
 
 
 3
 On appeal, two appellees have filed motions to dismiss because appellant's brief does not comply with Rule 28, Federal Rules of Appellate Procedure, and because appellant failed to state a cognizable claim. Appellant is proceeding pro se and should not be held to a strict standard of compliance with Rule 28. Therefore, to the extent that these motions are based upon this procedural ground, they are denied. The second ground asserted by one of the appellees essentially turns its motion to dismiss into a motion to affirm. Rule 8, Rules of the Sixth Circuit prohibits motions to affirm. Therefore, this motion must be denied as to the second ground pursuant to Rule 8, Rules of the Sixth Circuit.
 
 
 4
 Appellant has not alleged the essential elements of a 42 U.S.C. Sec. 1983 action. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Her pleadings are vague, confusing and conclusory, and, therefore, insufficient to state a claim under Sec. 1983. Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir.1971), Blackburn et al. v. Fisk University, 443 F.2d 121, 123 (6th Cir.1971). In addition, appellant filed her suit approximately two years after the statute of limitations expired. Mulligan v. Hazard, 777 F.2d 340, 344 (6th Cir.1985).
 
 
 5
 For these reasons, the motions to dismiss are denied and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.