818 F.2d 31
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl McFALL, Plaintiff-Appellant,
v.
Martha Layne COLLINS, et al., Defendants-Appellees.
 No. 87-5104.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This pro se appellant seeks review of a judgment of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Appellant has also moved for appointment of counsel and the case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, the panel agrees unanimously that oral argument is not needed.
 
 
 2
 Appellant, who is currently incarcerated at the Kentucky State Penitentiary in Eddyville, filed a complaint pursuant to 42 U.S.C. Sec.l983 in the district court for the Western District of Kentucky. In support of his claim for both monetary damages and injunctive relief, he generally alleged that appellees, all of whom occupied positions of authority in the Kentucky penal system, had failed, despite their having prior knowledge, to prevent an uprising by the inmates at the Kentucky State Penitentiary. moreover, appellant claimed that the measures adopted by appellees to quell that disturbance constituted cruel and unusual punishment contrary to the eighth amendment. Upon examination of the complaint, however, the district court concluded that appellant's cause of action was frivolous and therefore ordered its dismissal pursuant to 28 U.S.C. Sec.l915(d). Appellant subsequently filed this appeal.
 
 
 3
 A district court may properly dismiss an action for reason of frivolity under 28 U.S.C. Sec. 1915(d) only if it, assuming the truth of all the factual allegations contained in the complaint, can conclude that the plaintiff would still not be entitled to relief upon his proof of any set of circumstances. . Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986); Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985); cert. denied, 106 S.Ct. 788 (1986). Such is the case in the present appeal. Specifically, examination of the complaint indicates that appellant has based his cause of action on the conclusory allegations that appellees had prior knowledge of the impending prison disturbance, but failed to act so as to prevent that event's occurrence. Furthermore, appellant's complaint also contains general statements to the effect that measures taken by appellees in reaction to the prison uprising constituted a violation of eighth amendment prohibitions against cruel and unusual punishment. It is well established, however, such general, conclusory allegations are insufficient to state a claim under 42 U.S.C. Sec.l983. Smith v. Rose, 760 F.2d 102 (6th Cir. 1985); Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971); Blackburn v. Fisk University, 443 F.2d 121 (6th Cir. 1971). As appellant's complaint provides no additional specific facts upon which he might base his claim, the district court properly concluded that the action was frivolous and should be dismissed pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 Accordingly, the motion for appointment of counsel is hereby denied and the district court's judgment entered January 12, 1987, is affirmed. Rule 9(b), Rules of the Sixth Circuit.