821 F.2d 649
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Calvin DILLON, Plaintiff-Appellant,
v.
George W. WILSON, Secretary of the Bureau of Corrections of
the State of Kentucky, Defendant-Appellee.
 No. 85-5566
 United States Court of Appeals, Sixth Circuit.
 June 29, 1987.
 
 Before ENGEL and BOGGS, Circuit Judges, and HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant, John Calvin Dillon, alleged in his complaint that prison officials were liable to him for damages under 42 U.S.C. Sec. 1983 and the eighth amendment because of negligent failure to provide safe working conditions at the prison and failure to provide medical treatment for an injury suffered at the prison. The district court, by Scott Reed, District Judge, dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d). We affirm.
 
 I.
 
 2
 Appellant is an inmate at the Blackburn Correctional Complex in Lexington, Kentucky, a state prison for male offenders. He alleges that on March 11, 1985, while working at the prison's sewage plant, he slipped and fell into a tank. The incident caused injuries to his lower back and hand. The only medical treatment that the prison gave him for his injuries was a tetanus shot administered by the prison nurse. Appellant claims that he asked repeatedly to see a doctor for his back, but was refused that privilege.
 
 
 3
 The appellant alleged these facts in his pro se complaint, and also claimed that his injury was caused by the failure of the prison officials to provide a safe workplace, and that the failure to provide medical treatment was cruel and unusual punishment forbidden by the eighth amendment. While the application to proceed in forma pauperis was pending, the district court withheld the complaint and did not serve it.
 
 
 4
 The district court applied the standard of frivolity announced in Spruytte v. Walters, 753 F. 2d 498 (6th Cir.), cert. denied, 106 S.Ct. 788 (1985) to the 28 U.S.C. Sec. 1915(d) determination, i.e. whether the appellant stated any factual grounds upon which a claim for relief can reasonably be granted. The district court dismissed the complaint without requiring the defendants to first file an answer, also upon the authority of Spruytte.
 
 
 5
 In reviewing the dismissal of frivolous civil rights complaints under Spruytte, this court interprets the factual grounds for relief in the complaint in the light most favorable to the party opposing the motion. Essentially the decision is subject to the same review as a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and the facts are reviewed de novo.
 
 
 6
 After reviewing this record, consisting of the complaint, the in forma pauperis application, and the judge's order, this court finds no reason to disagree with the district court. The Supreme Court has established that the mere negligent conduct of prison officials is insufficient to state a cause of action under 42 U.S.C. Sec. 1983. Daniels v. Williams, 106 S.Ct. 662 (1986); Davidson v. Cannon, 106 S.Ct. 668 (1986). Furthermore, the mere conclusory allegation of failure to provide medical treatment is insufficient to state a claim upon which relief can be granted under the 'deliberate indifference to serious medical needs' standard of Estelle v. Gamble, 429 U.S. 97, 106 (1976), which interpreted the eighth amendment. See Smith v. Rose, 760 F. 2d 102, 106 (6th Cir. 1985) (42 U.S.C. Sec. 1983); Place v. Shepherd, 446 F. 2d 1239, 1244 (6th Cir. 1971) (42 U.S.C. Secs. 1983 and 1985); Blackburn v. Fisk University, 443 F. 2d 121, 124 (6th Cir. 1971) (42 U.S.C. Secs. 1983 and 1985). 'Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment.' Ramos v. Lamm, 639 F. 2d 559, 575 (10th Cir. 1980), cert. denied 450 U.S. 1041 (1981). Dillon has not alleged that either event occurred.
 
 
 7
 On a motion to dismiss the pleadings, the court is required to accept only well-pleaded facts as the truth. Blackburn, 443 F. 2d at 124. The court finds no facts in the complaint to support appellant's cause of action under the eighth amendment.
 
 
 8
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief Judge of the United States District Court for the Western District of Michigan, sitting by designation