914 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vayda S. RUSSELL, Plaintiff-Appellant,
v.
Kenneth POPPER, Michael Van Huis, Greenbrooke Park Homes,
Associates (Greenbrooke Parkhomes Condominium
Ass'n), Defendants-Appellees.
 No. 89-2311.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1990.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Vayda Russell, appeals from a summary judgment granted in favor of the defendants in this litigation which was predicated on a claim of housing discrimination. Upon a review of the record, we conclude that Judge Taylor properly entered a summary judgment, and we affirm.
 
 I.
 
 2
 At the outset, we would note that plaintiff has proceeded without counsel in this court and was without counsel for most of the proceedings in the district court. The original district court complaint was filed by an attorney, but he withdrew, indicating plaintiff's claims were without legal merit and that he feared Fed.R.Civ.P. 11 sanctions if he continued. We nonetheless have viewed plaintiff's claims and pleadings indulgently, although it has not been easy to do so as her filings with this court have not been in compliance with the Sixth Circuit Rules. Without the defendants supplying an appendix and a full explanation in their briefs of the proceedings in the district court, the appeal would have been largely incomprehensible. Although we extend reasonable latitude to parties proceeding in pro per, this latitude must stop short of manufacturing a viable legal theory where none exists. Such is the case here.
 
 II.
 
 3
 In March 1986, plaintiff rented a condominium from defendants Popper and Van Huis. Codefendant Greenbrooke Parkhomes Condominium Association (Greenbrooke) administers the condominium project in which the unit that plaintiff rented is located. Plaintiff fell behind in her rent, and the defendant owners had to commence eviction proceedings in the 46th District Court for the State of Michigan. Although eviction proceedings are summary by nature, this proceeding lasted over four months due to several changes of attorneys by the plaintiff and the resulting requests for adjournments. Finally, on February 18, 1988, the district court entered an order of eviction and a money judgment for rent owed in the amount of $4,095.00. Plaintiff once again obtained new counsel and moved to set aside the judgment. This motion was denied, and plaintiff either was evicted from or vacated the rented premises on March 31, 1988.
 
 
 4
 Central to plaintiff's defense of the state court action was that, in 1987, she had entered into a contract with Popper and Van Huis to purchase the condominium and that this sale had not been consummated due to discrimination against her on the basis of race, sex, and marital status. Russell is an unmarried black female. Under Michigan's summary eviction statute, such a defense is cognizable.
 
 
 5
 Just prior to the final termination of the state court proceedings, plaintiff, represented by counsel, filed an action against these defendants in the United States District Court for the Eastern District of Michigan on March 28, 1988. The theory was housing discrimination, but the allegations were the same as the ones she unsuccessfully relied upon in the state court. Russell's attorney then withdrew from the case, and the case was ultimately dismissed for lack of progress. However, on November 28, 1988, plaintiff herself filed a new 22-page rambling complaint. Since the complaint, which initially was not even served on the defendants, was largely undecipherable, defendants moved for a more definite statement, which motion resulted in an amended complaint being filed. The amended complaint, although only ten pages in length, was still obscure.
 
 
 6
 On July 18, 1989, defendants Popper and Van Huis moved to dismiss for failure to state a claim upon which relief could be granted. On September 5, 1989, Greenbrooke filed a similar motion. The district judge held a hearing on October 10, 1989, and since matters outside the pleadings were considered, treated the motions as summary judgment requests. Both motions were granted by order entered October 16, 1989. This appeal followed after a motion for reconsideration was denied.
 
 III.
 
 7
 The defendants, to their credit, have addressed the legal deficiencies in plaintiff's various theories.[1] We find it unnecessary to do so since it is clear, as the district court held, that plaintiff's claims are barred by the doctrine of res judicata. Plaintiff, represented by counsel in an action between the same parties, had a full and fair opportunity to litigate in state court her claim that she had a valid contract to purchase that was breached by these defendants for discriminatory reasons. The Fellowship of Christ Church v. Thorburn, 758 F.2d 1140 (6th Cir.1985). Her pro se status does not entitle her to a second bite at the apple.
 
 
 8
 Perhaps more importantly, it is clear from the record that the reason the sale to plaintiff of the condominium was never consummated was that she was unable to secure financing. The sale price of the condominium was $86,000.00. Plaintiff applied for a mortgage in this amount. Unfortunately, plaintiff had just gone through bankruptcy in 1986 and her 1987 income tax returns indicated negative income in the amount of $8,000.00. Mortgage company officials testified in depositions that, with this recent credit history, financing of the type sought by plaintiff was not possible. Additionally, plaintiff, in an apparent attempt to hide her bad credit history, applied for the mortgage under an alias. It would also appear that she misstated her income in the credit information papers that were part of the mortgage application.
 
 
 9
 Last, we note that plaintiff's claims of discrimination are based on the singular facts that she is, in fact, black, unmarried, and female. The mere incantation of these characteristics without more will not support a discrimination claim.
 
 
 10
 AFFIRMED.
 
 
 11
 NATHANIEL R. JONES, Jr., Circuit Judge, concurring in the judgement.
 
 I.
 
 12
 While I agree with the majority's determination that plaintiff-appellant Russell's claims of housing discrimination are without merit and therefore should have been dismissed, I feel that Russell's claims are improperly disposed of under the doctrine of res judicata. It is my view that Russell's discrimination claims were not "fully and fairly" addressed in the summary process proceeding before the 46th District Court of Michigan, and therefore I write separately to address Russell's claims on the merits.
 
 II.
 
 13
 Although federal courts generally accord preclusive effect to issues decided by state courts, see, e.g., Allen v. McCurry, 449 U.S. 90, 95 (1980), courts have repeatedly recognized an exception when the party against whom res judicata is being asserted has not had a "full and fair opportunity" to litigate the issue in the earlier case. See, e.g., Montana v. United States, 440 U.S. 147, 153 (1979); Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 328-29 (1970); Haring v. Prosise, 103 S.Ct. 2368, 2373 (1983).
 
 
 14
 On the record before us, it does not appear that Russell was afforded a full and fair opportunity to litigate her civil rights claims in the summary process proceeding for back rent. Though the majority states that Russell defended her summary process case on the grounds that her purchase of the condominium was not consummated due to discrimination, I can find nothing in the record which indicates that these claims were raised before the 46th District Court at all. Further, the 46th District Court's judgement was issued on a standard form and makes no findings of fact or conclusions of law. Similarly, the court's denial of Russell's Motion for New Trial and to Set Aside Judgement does not describe the legal or factual basis for the decision. See, Popper/Van Huis Supp. at 47. There is therefore no way of determining whether Russell's discrimination defense was considered by the court, vital to its judgement, ancillary to its judgement, or simply not treated. See Evergreens v. Nunan, 141 F.2d 927 (2d Cir.1944), cert. denied, 323 U.S. 720 (1944) (Preclusion is only apposite in a second action when the facts found in the first action were "ultimate facts" and essential to the judgement).
 
 
 15
 The majority notes that housing discrimination is a cognizable offense under the Michigan summary eviction statute. Thus, presumably Russell's claims could be barred on the ground that the defense "should have been raised." However, a litigant should not be barred from bringing a claim in a subsequent action unless she had incentive to litigate the claim fully and reason to foresee that her claims would be barred in a subsequent action. See Wright, Miller & Cooper, Federal Practice and Procedure, Sec. 4423 (1981).
 
 
 16
 In this case, Russell would have had to have raised her discrimination claims as a collateral defense to an action to recover rent. Russell's contract claims were not before the court in an affirmative suit. In addition, even if the court found that the purchase contract did not alleviate Russell's rent obligation, that still has no bearing on whether Popper or Van Huis discriminated against her in relation to the formation or alleged breach of the contract. It also seems highly unlikely that Russell, who through the course of the summary process procedure had four different attorneys and also appeared pro se, would have reasonably foreseen that her failure to raise, or fully litigate, her discrimination claims as a defense to summary process would bar her from raising them later in an affirmative suit.
 
 
 17
 Finally, the fact that the nature of the prior proceeding was summary process should weigh against our applying res judicata in this case. In Montana, the court held that res judicata is not appropriate "if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in the prior litigation." 440 U.S. at 164 n. 11. I have no doubt that the proceedings of the 46th District Court were fair as to the question of rent. However, the abbreviated nature of summary process proceedings, the fact that written pleadings or briefs were largely dispensed with and that oral argument on the discrimination claims seems, from the record, nonexistent, indicates to me that Russell should not have been precluded from raising her civil rights claims in a subsequent proceeding. See Bickham v. Lashof, 620 F.2d 1238, 1246 (7th Cir.1980) (no preclusion from a state court determination that a state statute was constitutional because the issue was never argued or briefed).
 
 
 18
 For these reasons I do not agree with the court's disposing of this case under the doctrine of res judicata and I will proceed to the merits of Russell's claims.
 
 III.
 
 19
 This case comes to us on appeal from summary judgement in favor of the defendant-appellees. This court's review of a grant of summary judgement is de novo. Pinney Dock and Transport Co. v. Penn. Central Corp., 838 F.2d 1445, 1472 (6th Cir.1988) cert. denied, 488 U.S. 880 (1988). Under Fed.R.Civ.P. 56(c), summary judgement is proper "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." The moving party may satisfy its burden by pointing out the lack of evidence in support of the non-moving party's case, rather that producing it own evidence. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 A. Russell's Sec. 1981 action
 42 U.S.C. Sec. 1981 provides:
 
 20
 All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts
 
 
 21
 .............................................................
 
 
 22
 ...................
 
 
 23
 * * *
 
 
 24
 To establish a case under Sec. 1981 a plaintiff must show that she was discriminated against either in the "making" or the "enforcement" of a contract. Patterson v. McLean Credit Union, 109 S.Ct. 2363, 2372 (1989). In order to make out a prima facie case that housing discrimination has occurred, the plaintiff must show that (1) he or she is a member of a protected minority; (2) that he or she applied and was qualified to rent or purchase certain property or housing; (3) that he or she was rejected; and (4) that the property or housing remained available thereafter. Seldon Apartments v. United States Department of Housing and Urban Development, 785 F.2d 152, 159 (6th Cir.1986).
 
 
 25
 In this case, Russell failed to meet the second requirement for a prima facie case: that she was a qualified purchaser of the property. In 1986, Russell filed for bankruptcy and did not disclose this bankruptcy in her mortgage application. R. 138, Exhibit "C". Defendant-appellants produced evidence suggesting that under customary standards in the mortgage industry, Russell would have been denied a mortgage if she had filed for bankruptcy within two years of applying for the mortgage. See Affidavit of Barbara Plowman (quoted in Greenbrooke Brief at 18). In addition, Russell had a negative income in 1987 of some $8000 according to Russell's 1987 federal income tax return. R. 138, Exhibit "D". Thus, it appears that Russell was not an "otherwise qualified buyer" and failed to make out a prima facie case under Sec. 1981. Accordingly, her Sec. 1981 claim was properly dismissed.
 
 
 26
 B. Russell's Sec. 1982 and Sec. 3601, et seq. claims
 
 
 27
 In Seldon Apartments, this court held that "The same evidence provide[s] the basis for [the plaintiff's] Fair Housing Act claim and its Secs. 1981 and 1982 claims. The courts have required the same standard of proof under these statutes. 785 F.2d at 159. Thus, Russell's claims for housing discrimination under 42 U.S.C. Sec. 1982 also fails because she failed to establish that she is an "otherwise qualified buyer". Since Russell did not have the financial means to purchase the property, she cannot sustain a claim that she was unable to purchase the condominium because of racial discrimination. Similarly, as establishing a prima facie case under 42 U.S.C. Sec. 3601 et seq. also requires a showing that plaintiff was an "otherwise qualified buyer," her claims here also fail. Seldon Apartments, 785 F.2d at 159.
 
 C. Russell's Sec. 1985 and Sec. 1986 claims
 
 28
 To make out a claim under 42 U.S.C. Sec. 1985(3), a plaintiff must show that two or more persons conspired to deprive the plaintiff of her civil rights because of her race. Griffen v. Breckenridge, 403 U.S. 88, 102-103 (1971). This statute requires that the plaintiff show that the defendants acted to deprive her of her rights with "invidiously discriminatory racial animus." Id. at 102. In order to survive a motion to dismiss, the complaint must allege specific incidents demonstrating that there was in fact a conspiracy motivated by racial animus. Where contentions in a complaint regarding an alleged conspiracy are only conclusory, the complaint must fail. See Blackburn v. Fisk University, 443 F.2d 121 (6th Cir.1971).
 
 
 29
 While Russell states over and over in her complaint that defendant-appellees acted in concert to keep her from purchasing the condominium because of her race, sex and marital status, she alleges no specific evidence whatsoever to suggest that the alleged discrimination took place. As plaintiff was afforded an opportunity to amend her complaint and still failed to allege any facts which, if taken as true, might support her complaint with respect to her Sec. 1985(3) claim, her complaint was properly dismissed. Dugan v. Brooks, 818 F.2d 513, 516 (6th Cir.1987) (dismissal proper when plaintiff fails to allege any facts that would entitle her to relief).
 
 
 30
 As to plaintiff's claim under Sec. 1986, this claim fails because Sec. 1986 claims are derivative of Sec. 1985 claims. Shaw v. Garrison, 391 F.Supp. 1353, 1370 (E.D.La.1975), aff'd, 545 F.2d 980 (5th Cir.1977). In Shaw, the court noted that "[b]y its terms, [Sec. 1986] has reference only to conspiracies under Sec. 1985. Accordingly, the Courts have recognized that if the conspiracy underlying a claim asserted under Sec. 1986 fails to meet the requirements of Sec. 1985, then the Sec. 1986 claim also must fail." Id. at 1370. Since the success of Russell's Sec. 1986 claim depends upon the adequacy of her Sec. 1985 claim, and since her Sec. 1985 claimed has failed, so must her Sec. 1986 claim.
 
 IV.
 
 31
 For the foregoing reasons I believe Russell's complaint was properly dismissed. Therefore, I CONCUR in the judgement of the court. I write separately only because I feel that plaintiff is entitled to have her claims heard on the merits.
 
 
 
 [1]
 Plaintiff alleged violations of 42 U.S.C. Secs. 1981, 1982, 1985, 1986 and 42 U.S.C. Sec. 3601